### MURRAY *v.* BROOKLYN CITY R. CO.

*(City Court of Brooklyn, General Term.* November 26, 1889.)

1. HORSE AND STREET RAILROADS—NEGLIGENCE OF DRIVER.

In an action against a street railroad company for personal injuries, there was testimony, which was contradicted, that while defendant's car was going down hill, at the rate of seven miles an hour, the driver, without any apparent reason, applied the brake with such force as to give the car a sharp, quick jerk, which hurled the plaintiff from the front platform. *Held,* that the question of negligence was properly submitted to the jury.

2. SAME—INSTRUCTIONS.

Defendant cannot complain of an instruction that "negligence could not be predicated upon the mere question of speed, unless speed was one of the elements that helped to cause the accident," as speed might be an element of negligence, in connection with the sudden stopping of the car.

**3. DAMAGES—WHEN NOT EXCESSIVE.**

A verdict for $18,000 for injuries to a man in the prime of life, resulting in the amputation of a leg and the loss of the use of an arm, is not excessive, or such as to suggest prejudice, partiality, or corruption of the jury.

**4. EVIDENCE—EXPERT TESTIMONY.**

Medical testimony on the condition of plaintiff's left arm was properly admitted, where it was shown that, in attempting to keep on the car, plaintiff caught hold of the rail with his left hand, and that his arm was soon after afflicted with paralysis, though nothing was the matter with it before.

**5. WITNESS—CROSS-EXAMINATION.**

Where the driver had testified for defendant that he was taking his car down as he usually did, plaintiff was properly allowed to ask him if he usually walked his horses across J. street, and also to cross-examine him on his schedule time.

Appeal from trial term.

Action by Thomas Murray against the Brooklyn City Railroad Company for personal injuries. There was a verdict in plaintiff's favor for $18,000, and from the judgment and an order denying a new trial defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Morris & Whitehouse,* for appellant. *Thomas E. Pearsall,* for respondent.

VAN WYCK, J. We have carefully read and scrutinized all the testimony in this case, and are of the opinion that the supposed errors relied upon by the appellant are largely built upon counsel's misapprehension of the proof, though we will review every question raised by him, in the order of his printed points.

There is testimony showing that the driver of this horse-car was going down grade at the rate of seven miles an hour, with the plaintiff and several other passengers on the front platform, when he, without any reason, such as avoiding a collision with another team or with a person crossing the street, suddenly applied his brake with such force as to give the car a sharp, quick jerk, which hurled the plaintiff off the platform into the street, though he tried to hold himself on the platform by catching the rail upon the dash-board. His leg and arm were injured, resulting in the amputation of the former above the knee, and in loss of the use of the latter. This testimony was contradicted. Such testimony certainly presented a question of negligence that ought to have been submitted to the jury. Their verdict for plaintiff for $18,000 is too well supported thereby to be disturbed by this court, unless the damages are excessive, or there is some error in the admission or exclusion of testimony, or in the instructions given to the jury.

The loss of a leg and the use of an arm are very serious injuries to a man in the very prime of life; and we are unwilling to say that the sum awarded by the jury, who heard the evidence of his suffering and pain, and saw the condition of this unfortunate man, more than compensates him for such injuries. Many verdicts for approximate amounts for injuries not so aggravated have been upheld by our courts. *Ransom* v. *Railroad Co.*, 15 N. Y. 415; *Groves* v. *City of Rochester*, 39 Hun, 5; *Alberti* v. *Railroad Co.*, 43 Hun, 421; *Dyke* v. *Railway Co.*, 45 N. Y. 113; *Hickinbottom* v. *Railroad Co.*, 15 N. Y. St. Rep. 11; *Voss* v. *Railroad Co.*, 49 N. Y. Super. Ct. 535, affirmed 100 N. Y. 621. This amount does not suggest to us that either passion, prejudice, ignorance, mistake, corruption, or perverse disregard of justice has in any way influenced the jury. *Gray* v. *Railroad Co.*, 48 N. Y. Super. Ct. 125; *Hickinbottom* v. *Railroad Co.*, 15 N. Y. St. Rep. 5; 2 Sedg. Dam. (2d Ed.) 652.

It was no error that the defendant can complain of to charge that negligence could not be predicated upon the mere question of speed, unless speed was one of the elements that helped to cause the accident. It is a well-known law of mechanics that the stoppage of a rapidly-moving car will produce a more violent jerk than that of a slow-moving car. Though the speed alone might not be negligence, still it might be an element thereof, in connection with the sudden and violent application of the brake of the car.

Appellant next insists that the medical testimony upon the condition of plaintiff's left arm ought to have been excluded, on the contention that there was no evidence that the arm had been injured in the accident. This contention seems to be based upon a misapprehension of the testimony, for it certainly tends to show that he caught hold of the rail of the dash-board with his left hand, in his attempt to keep upon the car, which must have wrenched it severely, and that his arm was soon after afflicted with paralysis, though nothing was the matter with it before the accident.

Appellant next urges that the witness Short should not have been allowed to tell the speed of the car in crossing Jay street, on the ground that it was uncontradicted that the car stopped, after crossing, before it reached the point where the accident occurred. This is another misconception of the testimony; for Short says he saw the car coming across that street at the rate of seven miles an hour, and, as it reached the second house beyond, the jerk took place which threw plaintiff off, and the testimony of the plaintiff and his other witnesses tends to show the same.

It was proper to allow plaintiff, on cross-examination of the driver, to ask him if he usually walked his horses across Jay street, after he had testified on the direct that he was taking his car down as he usually did, and also to cross-examine him on his schedule time. We think the case is free from error.

Judgment and order appealed from must be affirmed, with costs.