WOLF *v*. GRAND RAPIDS, HOLLAND & CHICAGO RAILWAY.

1. CARRIERS—BAGGAGE—LOSS—ACTION—EVIDENCE.
   In an action against a carrier for the loss of baggage, testimony of its transfer agent that he delivered the baggage at defendant's freight depot is sufficient to prove that the baggage 'was placed in the custody of defendant.

2. SAME—CHECKING BAGGAGE—AUTHORITY OF AGENT.
   That the carrier's agent checked plaintiff's baggage before plaintiff had procured his ticket for passage, in disobedience of instructions, is immaterial on the question of responsibility for the baggage, where plaintiff subsequently procured tickets.

3. SAME—BAGGAGE—LIABILITY OF CARRIER.
   A carrier is liable for the loss of a passenger's baggage properly checked unless lost by the act of God or the public enemy.

4. SAME—FORM OF ACTION.
   That a passenger bringing an action against a carrier for the loss of his baggage declares in case rather than assumpsit does not affect the liability of defendant, nor require plaintiff to show negligence.

5. SAME—CONNECTING CARRIERS—PARTNERSHIP—JOINT LIABILITY.
   Where a railroad company and a steamship company advertised a through line between two points, and had a common agent who sold through tickets, and another who checked baggage through, there were circumstances to warrant the inference that they were partners in the business of carrying passengers and baggage between those points, and were therefore jointly liable for the loss of baggage so checked.

Error to superior court of Grand Rapids; Stuart, J. Submitted June 4, 1907. (Docket No. 8.) Decided July 1, 1907.

Case by David Wolf against the Grand Rapids, Holland & Chicago Railway and the Graham & Morton Transportation Company for the loss of certain baggage. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Diekema & Kollen*, for appellant railway.

*Grant Newell*, for appellant transportation company.

*G. A. Wolf*, for appellee.

CARPENTER, J.   The defendant railway company operates an interurban railway from Grand Rapids to Holland, and the defendant transportation company operates a line of boats from Holland to Chicago.   In the summer of 1906 these two defendants made an arrangement by which passengers and their baggage were carried from Grand Rapids to Chicago; being carried by the railway company to Holland and by the transportation company from that point to Chicago.   They advertised this route as the "Grand Rapids Chicago line.   Fare two dollars.   Baggage checked through."   July 27, 1906, plaintiff, his wife, and two children took this trip.   He bought through tickets for the four.   Before buying them, a transfer agent came to his residence and checked his baggage through to their destination.   This baggage was never delivered, and, though plaintiff made repeated demands, no explanation was ever afforded him.   He brought this suit, and recovered a verdict and judgment against both defendants.

We are asked to reverse this judgment upon several grounds, all of which relate to the proposition that the trial court should have directed a verdict in defendants' favor.

*First.*   It is contended that there is no testimony tending to prove that the baggage ever came into the custody of either of the defendants.   This contention we answer by saying that there is such testimony.   That testimony was given by the transfer agent.   He testifies:

"These trunks I delivered at the freight depot before 6 o'clock.   If I remember right, this trunk was delivered at the freight depot before 6 o'clock."

*Second.*   It is contended that the transfer agent had no authority to check the trunks, because at the time he

checked them plaintiff had not yet procured his tickets. The testimony shows that the transfer agent had authority to check the trunks over defendants' lines from Grand Rapids to Chicago. It is true he was instructed not to check baggage unless the party desiring to have it checked produced a ticket; but this was only an instruction. It was not a limitation of his authority. If plaintiff had not subsequently purchased his tickets, a very different case would be presented. But in this case plaintiff did purchase his tickets, and did thereby entitle himself to all the rights of a passenger, one of which was to have his baggage checked. The fact that the transfer agent disregarded his instructions was an entirely immaterial circumstance; for plaintiff to have insisted upon the baggage being rechecked after he had purchased the tickets—and this was his right and duty according to defendants' contention—would have been an act of sheer folly. By purchasing the tickets plaintiff fully corrected the consequences of the mistake of the transfer agent.

*Third.* It is contended that there can be no recovery in this case, because plaintiff, having commenced his action in case instead of assumpsit, was bound to establish negligence, and there was no evidence of negligence. Defendants' liability in this case was that of common carriers of goods; that is, they were liable unless the goods were lost by the act of God or the public enemy. See 6 Cyc. p. 662; 3 Am. & Eng. Enc. Law (2d Ed.), p. 546. They do not claim that the loss came within either of these exceptions. Their liability was in no way changed because plaintiff elected to declare in case, instead of assumpsit. 1 Hutchinson on Carriers (3d Ed.), § 204; *Dyke* v. *Railway Co.*, 45 N. Y. 113.

*Fourth.* It is contended that there was no evidence of such a relation between the two defendants as to make them jointly liable. The evidence proves that the two defendants had entered into an arrangement for carrying passengers and their baggage from Grand Rapids to Chicago. They advertised to the public that they had formed

a Grand Rapids Chicago line. They had a common agent who sold tickets and another common agent who checked baggage. Their common·agent sold plaintiff his tickets and checked his baggage. From these circumstances the jury were warranted in inferring that in the carrying of passengers and their baggage from Grand Rapids to Chicago the defendants were partners, and therefore jointly liable to plaintiff. *Sun Ins. Co.* v. *Kountz Line,* 122 U. S. 583; *Block* v. *Railroad Co.,* 139 Mass. 308; *Wyman* v. *Railroad Co.,* 4 Mo. App. 35; 6 Am. & Eng. Enc. Law (2d Ed.), pp. 654, 655. This case is easily distinguished from *Detroit, etc., R. Co.* v. *McKenzie,* 43 Mich. 609, and *Rickerson Roller Mill Co.* v. *Railroad Co.,* 67 Mich. 110, and from other cases relied on by defendants. In those cases it was held that a railroad company, receiving goods for a destination beyond the limits of its own line, discharged its obligation when delivery was made to the connecting carrier. There the transportation companies did not, as in the case at bar, hold themselves out as united in a joint enterprise.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.