EMMA SALAMON, Individually and as Executrix of JOSEPH T. SALAMON, Deceased, Plaintiff, *v.* KONINKLIJKE LUCHTVAART MAATSCHAPPIJ, N. V. (ROYAL DUTCH AIRLINES), Defendant.

Supreme Court, Special Term, New York County, November 6, 1950.

*Cyril Hyde Condon* and *George Foster, Jr.,* for defendant.

*Duncombe & Pleasants* for plaintiff.

HOFSTADTER, J. Motion to dismiss for insufficiency the five causes of action alleged in the complaint is granted, with leave to serve an amended complaint within ten days after service of a copy of this order with notice of entry. All the causes of action other than the fourth are to recover damages for death claimed to have been caused by the manner in which the defendant operated an airplane in which it was carrying the decedent as a passenger for hire from Amsterdam, the Netherlands, to the city of New York. The first cause of action rests on willful conduct, the second on negligence, the third on section 130 of the Decedent Estate Law and the fifth on breach of contract. The fourth cause of action is brought under section 119 of the Decedent Estate Law to recover the decedent's own damages suffered before death. The defendant's fault is alleged to have occurred between Gander, Newfoundland, and New York and the decedent later died in this State. The first and second causes of action seem to be based on the Federal Death on the High Seas Act (U. S. Code, tit. 46, §§ 761–768). A fatal defect in all five causes of action is the failure to state where the wrong occurred which caused the decedent's injury and consequent death. The plaintiff urges that the court should take judicial notice of the fact that the air route from Gander to New York is " for its principal distance " over the high seas. This would be an unwarranted application of the rule permitting judicial recognition of geographical facts. It follows that the place where the tort complained of occurred is not stated and there is no way of determining by what law the defendant's liability is to be tested. It is elementary that the law of the place where the tort was committed controls and this rule applies with peculiar force to this case where damages are sought for wrongful death. While the defendant's liability cannot be enlarged by suing for breach of the defendant's agreement safely to transport the decedent (*Maynard* v. *Eastern Air Lines,* 178 **F.**

2d 139; *Faron* v. *Eastern Airlines,* 193 Misc. 395), there is no reason why the plaintiff may not plead the cause of action as a breach of contract as well as a tort. The foregoing disposition renders ,unnecessary consideration of the alternative relief asked for by the defendant and is without prejudice to any motion the defendant may be advised to make, addressed to the amended complaint.