CAMDEN C. DYKE, Respondent, v. ERIE RAILWAY COMPANY, Appellant.

JACOB B. FLOYD, Respondent, v. THE ERIE RAILWAY COMPANY, Appellants.

The *lex loci contractus* determines the nature, validity, obligation and legal effect of a contract, and prescribes the rule of its construction and interpretation, unless it appears to have been made with reference to the laws and usages of some other State or government, as where it is to be performed in another place; when, in conformity to the presumed intention of the parties, the law of the place of performance furnishes the rule of interpretation.

Upon principles of comity, effect is sometimes given by the courts of a State to foreign laws; but in matters of contract such effect is conceded to the statutes of other States, only to carry out the intent of the parties, never to qualify or vary the effect of a contract made between persons not citizens of such foreign State, or subject to its laws, and not made with reference to those laws.

Where the plaintiff purchased from the defendant, a railroad corporation, created by the laws of this State, at a station within this State, a passenger's ticket thence to the city of New York, and having taken passage in its cars to be carried thither, received injuries upon a portion of the road situated in the State of Pennsylvania, through the negligence of the defendant's servants.—*Held*, that the amount of damages for such injuries, recoverable by him, was not affected by a statute of Pennsylvania limiting the amount of recovery in similar cases.

*It seems* that the action in such cases, whatever its form, is based upon the contract. ALLEN, J.

(Argued February 13th, and decided March 21st, 1871.)

APPEALS from the General Term of the Supreme Court in the Second district in Dike's case, and from the General Term of the Supreme Court in the Sixth district in Floyd's case.

These actions were to recover damages for personal injuries sustained by the plaintiffs while passing over the road of the defendant as passengers, caused by the negligence of the defendant's servants and agents. The defendant is a corporation existing under the laws of the State of New York, owning and operating a railroad for the carriage of freight and passengers between the cities of Buffalo and New

Statement of case.

York, in that State, and the intermediate places, running its road, *en route* between the termini named, for short distances in the States of Pennsylvania and New Jersey by the permission of those States respectively.

Each of the plaintiffs purchased a ticket and took passage on the defendant's road, on the 14th of April, 1868, from stations in this State to the city of New York, and while in transit from the place of departure to the city of New York, and upon a part of the road in the State of Pennsylvania, sustained the injuries complained of. By an act of the legislature of Pennsylvania, passed April 4th, 1868, the recovery in actions then or thereafter instituted against common carriers or railroad corporations for personal injuries is limited to $3,000. Upon the trials, it was claimed in behalf of the defendant that the rights of recovery of the plaintiffs were controlled by this act. The claim was overruled by the judge, and each of the plaintiffs had verdicts in excess of the limit prescribed by the Pennsylvania statute, Dike for $35,000, at the Kings Circuit, and Floyd for $15,000 at the Tioga Circuit, and judgments upon such verdicts were affirmed by the Supreme Court at the General Terms. The defendant has appealed to this court.

*John Ganson*, for the appellant, insisted that the contract was to be executed partly in New York and partly in Pennsylvania, and that each portion is to be governed by law of place of execution. (Story's Confl. of Laws, § 280; 2 Kent, 459 to 462; *Jacks* v. *Nichols*, 1 Seld., 178; *Curtis* v. *Leavitt*, 15 N. Y., 227; *Bowen* v. *Newell*, 13 N. Y., 290; Story on Cont., § 655; *Pomeroy* v. *Ainsworth*, 22 Barb., 118; *Pope* v. *Nickerson*, 3 Story, 498; *Elkins* v. *East India Rubber Co.*, 1 Pierre Williams, 395; *Cooper* v. *The Earl of Walgrave*, 2 Beavan, 282; *Fisher* v. *Bidwell*, 27 Conn., 363–71; Story's Confl. of Laws, § 558; *Hyde* v. *Goodnow*, 3 Com., 266; *Everett* v. *Vandryes*, 19 N. Y., 436; *Mostyn* v. *Fabrigas*, Cowp., 161; S. C. Smith's Leading Cases; *Martin* v. *Hill*, 12 Barb., 631; *Smith* v. *Condry*, 1 How. U. S., 28; 2 Adm. & Ec. R.

Law Rep., 3 *The Halley*; *Phillips* v. *Eyre*, Law Rep., 4 Q. B., 225.)   That the plaintiff's right to recover depended on the law of the place where the accident occurred.   (2 Story Confl. of Laws, § 558; Peters' C. C. R., 330; Law Rep., 2 Adm. & Eccl., 10; *Whitford* v. *Panama R. R. Co.*, 23 N. Y., 465; *Richardson* v. *The N. Y. Central R. R. Co.*, 98 Mass., 85; *Melan* v. *The Duke de James*, 1 Bos. & Puller, 138; *Campbell* v. *Rogers*, 2 Handy's R., Ohio, 110.)

*Daniel Pratt*, for the respondent Floyd, insisted that the contract was to be governed by the laws of this State.   (*Everett* v. *Vandryes*, 19 N. Y., 436; *Cutler* v. *Wright*, 22 N. Y., 472; *Jewell* v. *Wright*, 30 N. Y., 259; *Hale* v. *The Newburgh Steamboat Co.*, 15 Conn., 539.)   That amount of damages depend on law of New York.   (*Sherman* v. *Garrett*, 4 Gillman, 521; *Gale* v. *Easton*, 7 Metc., 14; *Scott* v. *Seymour*, 1 Hurl. & Colt., 219; *Andrews* v. *Herriot*, 4 Cow., 508; *Lincoln* v. *Battelle*, 6 Wend., 475; Story's Confl. of Laws, §§ 291, 296, 307.)   That defendant's liability was the same whether the action was based upon the contract or the tort. (*Buddle* v. *Wilson*, 6 Term R., 369; *Powell* v. *Layton*, 2 New R., 365; *Weall* v. *King*, 12 East, 452; Gra. Pr., 2 ed., 92, 93; 1 Bac. Abr., 24.)

*James Emott*, for the respondent Dyke, that the contract was subject to the law of New York, cited in addition *Peninsular Co.* v. *Shand* (3 Moore, P. C., N. S., 272c).   If the action be held to be in tort, still the law of New York controls.   (Story's Confl., §§ 19, 20, 22, 23; *Blanchard* v. *Russell*, 13 Mass., 4; *Bank of Augusta* v. *Earle*, 13 Peters, 584; Huberus Lib., 1, title 3, § 240; *Scott* v. *Seymour*, 1 Hurlst. & Colt., 219; Swabey R., 526.)   On the question of comity, he cited Story Confl., §§ 31, 38; Phillimore Internatl. Law, part 4, 746; Burge Col. and For. Law, 111, 770, 778; The Halley, 2 Eng. R. Privy Council, 193; Savigny Private Int. Law, by Guthrie, § 370, pp. 151, 152; Grotius de Jure Belli, Lib., 2, chap. 17, § 1; Digest Lib., 9, title 2, 29, 2.)

ALLEN, J.   The only question to be considered upon this
appeal is as to the effect of the Pennsylvania statute, limiting
the amount of the recovery in actions of this character.   It is
conceded that the statutes of one State are not obligatory
upon the courts of other States; that they have not, *proprio
vigore*, the force of law beyond the limits of the State enact-
ing them.   But it is sought to bring these actions within the
operation and effect of the foreign statute upon the ground
that the contracts were made with reference to the ̇ laws of
that ̇ State, and the causes of action arose there.

The generally received rule for the interpretation of con-
tracts, is that they are to be construed and interpreted accord-
ing to the laws of the State in which they are made unless
from their terms, it is perceived that they were entered into
with a view to the laws of some other State.   The *lex loci
contractus*, determines the nature, validity, obligation and
legal effect of the contract, and gives the rule of construction
and interpretation, unless it appears to have been made with
reference to the laws and usages of some other State or
government, as when it is to be performed in another place,
and then in conformity to the presumed intention of the par-
ties, the law of the place of performance furnishes the rule of
interpretation.   (*Prentiss* v. *Savage*, 13 Mass., 20; *Medbury*
v. *Hopkins*, 3 Con., 472; *Everett* v. *Vendryes*, 19 N. Y., 436;
*Hoyt* v. *Thompson's Exr.*, id., 207; *Curtis* v. *Leavitt*, 15 N.
Y., 227.)   The contracts before us were made in the State of
New York, and between citizens of that State.   The plain-
tiffs were actual inhabitants, and the defendant was a corpora-
tion existing by the laws of that State.   The contracts were
for the carriage and conveyance of the plaintiffs over the road
of the defendant, between two places in the same State, to
wit, from stations on the line of the road, in the western part
of the State to the city of New York.   The duty and obliga-
tion of the defendant, in the performance of the contracts
commenced and ended within the State of New York.
Although the route and line of the defendant's road between
the places at which the plaintiffs took their passage and their

destination, passed through portions of the States of Pennsylvania and New Jersey, by the consent of those States respectively, the parties cannot be presumed to have contracted in view of the laws of those States. The contracts were single and the performance one continuous act. The defendant did not undertake for one specific act, in part performance in one State, and another specific and distinct act in another of the States named, as to which the parties could be presumed to have had in view the laws and usages of distinct places. Whatever was done in Pennsylvania, was a part of the single act of transportion from Attica, or Waverly, in the State of New York, to the city of New York, and in performance of an obligation assumed and undertaken in this State, and which was indivisible. The obligation was created here, and by force of the laws of this State, and force and effect must be given to it, in conformity to the laws of New York. (*Carnegie* v. *Morrison*, 2 Metc., 381, Per Shaw, Ch. J.) The performance was to commence in New York, and to be fully completed in the same State, but liable to breach, partial or entire in the States of Pennsylvania and New Jersey, through which the road of the defendant passed, but whether the contract was broken, and if broken, the consequences of the breach should be determined by the laws of this State. It cannot be assumed that the parties intended to subject the contract to the laws of the other States, or that their rights and liabilities should be qualified or varied by any diversities that might exist between the laws of those States and the *lex loci contractus*. The case of the *Peninsular and Oriental Steam Navigation Co.* v. *Shand* (3 Moore's P. C., 272), is somewhat analogous in principle to the case at bar. A passenger, by an English vessel belonging to an English company, from Southampton to Mauritius, *via* Alexandria and Suez, sustained a loss of his baggage between Alexandria and Mauritius, and it was held that the contract for the passage was to be interpreted by the law of England, the place where the contract was made. The Supreme Court at Mauritius had held that the contract was governed by the French law in force in Mauritius, and

refused to the defendants the benefit of an exemption from liability for loss of property, to which they were entitled by the terms of the contract as interpreted by the laws of England, and the judgment was reversed, upon appeal, by the Privy Council.

Whether the actions are regarded as actions of assumpsit upon the contracts, or as actions upon the case for negligence, the rights and liabilities of the parties must be judged by the same standard. The form of the action concerns the remedy, but does not affect the legal obligations of the parties. In either form of action the liability of the defendant, and the rights of the plaintiffs, are based upon the contracts. The defendant owed no duty to the plaintiffs, except in virtue of the contracts and the obligations for the violation and breach of which, an action may be brought are only co-extensive with the contracts made. It follows, that the law of Pennsylvania cannot enlarge or restrict the liability of parties to a contract, which for its validity, effect, and construction, is subject to the laws of New York. The damages to which a party is entitled, upon the breach of a contract, or violation of a duty growing out of a contract, and the rule and measure of damages pertains to the right and not to the remedy. It is matter of substance, and the principal thing sought, and not a mere incident to the remedy for the principal thing. It is conceded, that the statutes of Pennsylvania have no intrinsic extra territorial force, and that they bind only within the jurisdictional limits of the State. Upon principles of comity, effect is sometimes given by the courts of a State to foreign laws. In matters of contract, such effect is accorded to statutes of other States, only to carry out the intent of and do justice between the parties, never to qualify or vary the effect of a contract between parties not citizens of such foreign State, or subject to its laws, and not made in view of the laws of such State. Effect will not be given by the courts of a State to foreign laws in derogation of the contracts, or prejudicial to the rights of citizens. (*Liverpool, Brazil, &c., Steam Navigation Company* v.

*Benham,* 2 Law Rep., P. C. Cases, 193 ; *Hale* v. *N. J. St. Nav. Co.,* 15 Conn., 539 ; *Arnott* v. *Redfern,* 2 Carr. & Payne, 88 ; *Gale* v. *Eastman,* 7 Met., 14.)

The actions are not given by the laws of Pennsylvania. They grow out of the contracts and the duties resulting from the contracts, and are given by the common law, and, therefore, the laws of another State in an action brought here cannot prescribe the measure of damages, or limit the liability of the parties.

The judgments should be affirmed.

CHURCH, Ch. J., PECKHAM, FOLGER, and RAPALLO, JJ., concurred. GROVER, J., did not vote, and ANDREWS, J., did not sit.

Judgment affirmed.