CHRISTIANA LOEHR, Respondent, v. EAST SIDE OMNIBUS CORPORATION, Appellant.

First Department, March 15, 1940.

*Benjamin Wm. Mehlman* of counsel [*Isidore Zamore* with him on the brief; *Jacob I. Goodstein,* attorney], for the appellant.

*William Harvey Smith,* for the respondent.

GLENNON, J.   The motion which was made at Special Term to dismiss the complaint under rule 107, subdivision 6, of the Rules of Civil Practice, on the ground that the cause of action was barred by the Statute of Limitations, was denied upon the theory that defendant, having filed its answer in which it set up the Statute of Limitations as an affirmative defense, had waived its right to obtain relief under the rule.   A motion for a reargument was made on the ground that the answer had been attached inadvertently to the moving papers.   The application for reargument was denied.

We are of the opinion that Special Term erred in not deciding the motion in the first instance upon the merits.   It is not disputed that the motion was made within twenty days after the service of the complaint, as required by rule 107.   Even though defendant saw fit to serve its answer, it could not be deprived of its right to proceed with the motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations.   In *Fitzgerald* v. *Bigalow* (251 App. Div. 875) it was stated in part: " A motion may be made under subdivision 6 of rule 107 of the Rules of Civil Practice whether or not the defendant has answered. This was not formerly the law because of section 282 of the Civil Practice Act, which, however, was repealed on March 16, 1932. (Laws of 1932, chap. 224.)"

Prior to the repeal above referred to, this court in *Shipley* v. *Schmitzer* (224 App. Div. 730) said in part: " Hence, section 282 of said act does not apply to a motion to dismiss a complaint made under rule 107, subdivision 6, and service of an answer to a complaint to which such a motion has been addressed would not be deemed an abandonment of such motion."   Consequently, the service of an answer by the defendant in this case did not deprive it of the right to obtain the relief which it sought.

The summons and complaint in this action were served upon the defendant on September 21, 1939.   The motion to dismiss pursuant to the provisions of rule 107, subdivision 6, of the Rules of Civil Practice upon the ground that the cause of action alleged in the complaint was barred by the Statute of Limitations was

served on October third, returnable at Special Term, New York county, on October 16, 1939.

The plaintiff was injured on March 2, 1936. It is alleged in the complaint that on the date last above mentioned plaintiff entered defendant's omnibus and duly paid her fare and a contract was thereby entered into between plaintiff and defendant, whereby the latter, in consideration of the payment of the fare, agreed to convey plaintiff safely to her destination. Thereafter, she signaled the bus operator to stop, so that she might " disembark." She then alleges that the operator in violation of the terms of the contract, " failed to control the other passengers * * * in that he permitted horseplay and rowdyism among them, and permitted the passengers to stand in the aisle of said bus * * * and furthermore brought the bus to such a sudden stop when plaintiff was walking toward the door after signaling the bus to stop, as aforesaid, that this plaintiff was thrown violently to the floor of the bus and the passengers standing in the aisle of said bus were thrown violently on top of this plaintiff."

She next alleges that the conduct of the defendant was in violation of its contract to carry plaintiff safely to her destination and that she suffered damage " in that she has been permanently physically injured by said fall, has been forced to pay large sums for doctor's services and medicine, has been caused to remain a long time in bed and confined to her home, has suffered mental anguish and nervous shock, all to her damage in the sum of " $10,000.

It must be conceded, on the part of this defendant, for the purpose of this motion, that the allegations contained in the complaint are true. By the same token it must be conceded, on the part of the plaintiff, that, if the action sounds in tort rather than in contract, she can have no recovery since the three-year Statute of Limitations would be a bar. We believe that the facts as alleged bring this case clearly within the rule laid down in *Webber* v. *Herkimer, etc., R. R. Co.* (109 N. Y. 311). There Judge GRAY said in part: " Plaintiff's counsel contends that the cause of action arises upon a ' contract obligation ' of the defendant, and that subdivision 1 of section 382 of the Code of Civil Procedure provides that such an action may be brought within six years. He argues that the gravamen of the action and foundation of the claim are the contract or undertaking of the defendant, and that defendant was under no obligation to him, excepting that arising therefrom, and that subdivision 5 of section 383, being intended to apply to cases of liability not resting upon contract, does not apply.

" It is, however, too well settled to require extended discussion at this day, that common carriers of passengers are not insurers of

personal safety, and that for an injury happening to the person of a passenger they are only liable for negligence in failing to use due care, diligence or skill in and about their undertaking, in order to prevent those injuries which human foresight and care can guard against. If there is any defect in the vehicle by which passengers are carried, and an injury occurs thereby, they are liable, if at all, on the sole ground of negligence.

" The form of the action, whether *ex contractu*, as claimed to be the case here by appellant's counsel, or *ex delicto*, does not affect the case under this statute. (*Carroll* v. *Staten Island R. R. Co.*, 58 N. Y. 126, 134.) The liability of the defendant, as a carrier of passengers, is referable to the question of its negligence."

So here, while the plaintiff attempts to plead a cause of action in contract, it is quite apparent that the liability, if any, must rest in negligence. If that is so, the three-year Statute of Limitations applies.

Stress has been placed by plaintiff upon the case of *Busch* v. *Interborough R. T. Co.* (187 N. Y. 388) as upholding her contention that her action is not barred by the three-year statute. The question of the Statute of Limitations was not there involved. (See opinion of Mr. Justice McAvoy in *Hermes* v. *Westchester Racing Association*, 213 App. Div. 147.)

While it is stated by the plaintiff in her brief that the case of *Webber* v. *Herkimer, etc., R. R. Co.* (*supra*) was discussed at length in the briefs of counsel before the Court of Appeals in the *Busch* case and " the application of the *Webber* case was either rejected or held not applicable, as no reference to it is made in the opinion in the *Busch* case," it does not follow that the Court of Appeals either overruled the *Webber* case or did not approve of its holding. The *Webber* case squarely presented the question as to the bar of the Statute of Limitations, whereas the *Busch* case dealt with the question of the jurisdiction of the Municipal Court. Furthermore, it will be noted that the *Webber* case was cited as an authority and quoted from by the Court of Appeals in the opinion of Judge LEHMAN (now Chief Judge) in *Schmidt* v. *Merchants Despatch Trans. Co.* (270 N. Y. 287, 303).

We are of the opinion that the cause of action, as pleaded, is barred by the three-year Statute of Limitations and, consequently, the complaint must be dismissed. The orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, and motion to dismiss the complaint granted.