GLADYS A. FARON, as Executrix of WINFIELD S. FARON, Plaintiff, v. EASTERN AIRLINES, INC., et al., Defendants.

Supreme Court, Special Term, New York County, November 29, 1948.

J. Edward Lumbard, Jr., Roy W. McDonald, Lloyd F. Mac-Mahon and Sebastian C. Pugliese (Pittsburgh, Pennsylvania) for plaintiff.

David L. Corbin for defendants.

HOFSTADTER, J. Motion is made to strike out the affirmative defense in the defendants' answer on the ground that as to the first four causes of action the defense is insufficient in law. Plaintiff sues to recover for the injuries and death of her husband who died when an airplane in which he was a passenger crashed in Cheshire, Connecticut. The deceased had taken passage at New York for Boston. The complaint alleges that while the plane was en route it caught fire over or near Port Chester, New York, and crashed in Connecticut.

Five causes of action are alleged. In the first cause, plaintiff sues on the basis of contract to transport the deceased safely from New York to Boston, and a breach of the contract in that defendant, Eastern Air Lines, negligently repaired, maintained and operated the plane so that it caught fire and crashed. Plaintiff as executrix seeks $250,000 as damages under this cause.

The second cause realleges the allegations of the first cause and seeks damages of $50,000 for conscious pain and suffering of the deceased prior to his death.

The third and fourth causes of action seek the same recovery as the first and second causes except that they are predicated upon allegations of negligence rather than contract.

The fifth cause of action is based on the Connecticut Wrongful Death Statute, and the damages sought are $20,000 which is the sum to which the Connecticut statute limits recovery.

To all of the causes of action, defendants have interposed a defense to the effect that any injuries of the decedent, and his death, occurred in the State of Connecticut, and that plaintiff's right of recovery is governed by the laws of Connecticut. Further, that the Connecticut law (General Statutes [1945 Supp.], ch. 319, § 1005h) provides for a limit of liability of $20,000 in damages for the injuries resulting in death. This defense is sought to be stricken, upon motion, on the ground that it is insufficient in law insofar as it pertains to the first four causes of action in the complaint.

The motion must be denied. Defendants are correct in interpreting the complaint as not specifically alleging that the accident and resulting injuries and death occurred in New York. Taking as true, defendants' plea that any of the injuries and the death occurred in Connecticut, the right to bring an action for unlawful death depends upon the Connecticut Law. In *Baldwin* v. *Powell* (294 N. Y. 130) the court said (p. 132): " The law of the place where the wrong causing death occurred ' governs the right of action for death .' (Restatement, Conflict of Laws, § 391.)"

So, too, in *Royal Indemnity Co.* v. *Atchison, Topeka & Santa Fe Ry. Co.* (272 App. Div. 246, 250, affd. 297 N. Y. 619) it was said: " It is well established that a cause of action for wrongful death and the extent of the damages recoverable is governed by the laws of the place where the injuries causing death were inflicted ".

In *Wyman* v. *Pan American Airways* (181 Misc. 963, affd. 267 App. Div. 947, affd. 293 N. Y. 878, certiorari denied 324 U. S.

882) the court said (pp. 965–966): " The right to bring a death action is purely statutory. It did not exist at common law \* \* \* and depends upon the existence of a statute creating a right of action at the place where the ' force impinged ' causing injuries and death."

Clearly then as to the third and fourth causes of action, the defense must be permitted to stand.

As to the first and second causes of action, although they are couched in contract language it is obvious that liability, if any, will be predicated upon proof of negligence. Where, as here, the gravamen of the cause of action is an alleged breach of a duty through negligence, the action is governed by the applicable law of torts, even though the allegations refer to a breach of a contract.

In determining the proper Statute of Limitations in an action by a passenger against a bus company, it was held in *Loehr* v. *East Side Omnibus Corp.* (259 App. Div. 200) that the liability of the defendant rested in negligence although plaintiff pleaded a breach of contract to convey plaintiff safely to her destination, and that accordingly the three-year statute was applicable. So too in *Manning* v. *1234 Corp.* (174 Misc. 36, affd. 260 App. Div. 914) it was held that a cause of action by a guest against an innkeeper for breach of contract because plaintiff was struck by one of defendant's employees, was governed by the Statute of Limitations applicable to assault, and not to contract.

Surely before any trial, a defense pleading the law of Connecticut, which would be pertinent if the causes were alleged purely as tort actions, is valid on its face. If the acts and injuries occurred in Connecticut, it follows that the law of that State determines the existence of any obligation and the extent of the damages.

The motion is denied. Settle order.