**MAYNARD v. EASTERN AIR LINES, Inc.**

No. 73, Docket 21439.

United States Court of Appeals
Second Circuit.

Argued Nov. 10, 1949.

Decided Nov. 30, 1949.

Henry & J. R. Wendt, New York City, Attorneys for Plaintiff-Appellant; Frank A. Jablonka and Bernard Meyerson, Brooklyn, N. Y., counsel.

Haight, Deming, Gardner, Poor & Havens, New York City, Attorneys for Defendant-Appellee; Donald Havens, William J. Junkerman and Douglas B. Bowring, New York City, counsel.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal by the plaintiff from a judgment of $20,000 recovered against the defendant, and from an order denying interest upon such judgment. The defendant operates aircraft as a common carrier, for the transportation of passengers, mail, and baggage. The plaintiff's husband Paul Maynard purchased a ticket at New York for passage to Boston on a regularly scheduled flight. On January 18, 1946, the aircraft crashed to the ground at or near Cheshire, Connecticut, through the alleged negligence of the defendant, and as a result the plaintiff's husband suffered serious injuries which resulted in his death. Thereafter the plaintiff, as administratrix of his estate, brought this action to recover damages in the sum of $250,000, whereupon the defendant filed its answer denying negligence and also alleging by way of defense that the personal injuries to, and death of Paul Maynard occurred in the State of Connecticut, and that under the law of that state the administratrix could not recover more than $20,000 for injuries resulting in death. Thereafter the action was tried to a jury. The judge submitted the issue of negligence to the jury and instructed it that under the terms of the death statute of the State of Connecticut, where the accident occurred, damages were limited to $20,000. The jury rendered a verdict for the plaintiff in the sum of $20,000, and judgment was entered in that amount. Thereafter the plaintiff moved to add interest thereon from the date of death to the date of judgment, and the motion was denied by the judge. From the judgment limiting damages to $20,000, and the order denying interest thereon from the date of death, the plaintiff has appealed. We think the District Judge was right and that both the judgment and order should be affirmed.

It is not questioned that the Connecticut statute, General Statutes § 1005h (1945) would apply in actions in tort brought in the New York courts for negligently causing the decedent's death, for under the New York Death Statute, Decedent Estate Law, McK. Consol.Laws, c. 13, § 130, recovery may not be had for accidents occurring beyond the borders of the state. Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198; Baldwin v. Powell, 294 N. Y. 130, 132, 61 N.E.2d 412; Royal Indemnity Co. v. Atchison T. & S. F. Ry. Co., 272 App.Div. 246, 70 N.Y.S.2d 697, affirmed 297 N.Y. 619, 75 N.E.2d 631; also Janes v. Sackman Brothers Co. and Wornova Mfg. Co., 2 Cir., 177 F.2d 928. But plaintiff argues that an action to recover more than $20,000 will lie since the decedent purchased his ticket in New York and there arose an implied contract safely to transport, governed by the law of the place where the contract was made. The difficulty with this argument is that at common law there was no remedy for negligently causing the death of another and recovery of any damages arising from death through negligence depends on the existence of some such statute as was first adopted in Lord Campbell's Act. Wyman v. Pan American Airways, Inc., 181 Misc. 963, 43 N.Y.S.2d 420, affirmed 267 App.Div. 947, 48 N.Y.S.2d 459, affirmed 293 N.Y. 878, 59 N.E.2d 785, certiorari denied 324 U.S. 882, 65 S.Ct. 1029, 89 L.Ed. 1432. The recent decision of the New York Supreme Court in Faron v. Eastern Airlines, Inc., 193 Misc. 395, 84 N.Y.S.2d 568 (Supreme Court, New York County), dealt with the very accident involved in the present appeal. The action was by the administratrix of another passenger who was killed while on the same journey. His executrix sued both in contract and in tort and sought to recover under the New York law, though the accident happened while the plane was passing over the State of Connecticut. Justice Hofstadter sustained a defense based upon the limitation of damages in the Connecticut statute. He said in his opinion, 193 Misc., at page 397, 84 N.Y.S.2d page 570:

"As to the first and second causes of action, although they are couched in contract language it is obvious that liability, if any, will be predicated upon proof of negligence. Where, as here, the gravamen of the cause of action is an alleged breach of a duty through negligence, the action is governed by the applicable law of torts,

even though the allegations refer to a breach of a contract."

The New York courts had already adopted the view expressed by Hofstadter, J., in Carroll v. Staten Island R. Co., 58 N.Y. 126, 17 Am.Rep. 221; Loehr v. East Side Omnibus Corp., 259 App.Div. 200, 18 N.Y. S.2d 529, affirmed 287 N.Y. 670, 39 N.E.2d 290; Manning v. 1234 Corp., 174 Misc. 36, 20 N.Y.S.2d 121, affirmed 260 App.Div. 914, 24 N.Y.S.2d 302, appeal denied 261 App. Div. 804, 25 N.Y.S.2d 780. It appears from the foregoing decisions that the Connecticut law, with its statutory limitation of damages to $20,000, applies to the case at bar. See also Restatement, Conflict of Laws, § 391, particularly Comment d.

The decision of the New York Court of Appeals in Conklin v. Canadian-Colonial Airways, Inc., 266 N.Y. 244, 194 N.E. 692, is also relied on by the plaintiff. But that decision involved an action by an administratrix brought in New York to recover for the death through a negligent landing at a New Jersey Airport. There the defendant attempted to limit its liability to the sum of $5,000 under a provision to that effect in his ticket which had been purchased in New York. The New York Court of Appeals held that New York law governed the defendant's contract obligation, and under that law the provision was invalid as unlawfully limiting the liabilities of a common carrier. There is, however, a plain difference between a specific agreement to limit liability and an implied obligation of a common carrier to act with due care. Any right of recovery was founded upon the New Jersey Death Act, and the New Jersey law would be clearly controlling unless the stipulation in the ticket were found valid.

In Dyke v. Erie Ry. Co., 45 N.Y. 113, 6 Am.Rep. 43, the plaintiff purchased a ticket in New York from the Erie Railroad. He received injuries while passing through Pennsylvania on a trip from Attica, New York, to New York City, and sued the railroad in the New York courts. A Pennsylvania statute limited recovery to $3,000 in actions against common carriers to recover for personal injuries. The Court of Appeals refused to apply the limitation of the Pennsylvania statute on the ground that the contract of carriage was not divisible and depended upon the law of the place where it was made rather than the place where the accident happened. It seems hard to reconcile this old case with later decisions by the same court in Carroll v. Staten Island R. Co., supra, and Webber v. Herkimer & M. St. R. Co., 109 N.Y. 311, 16 N.E. 358. At best, however, the death of a passenger outside of New York territory was not involved in the Dyke decision and it was not necessary, as here, to invoke the death statute of a foreign state in order to recover any damages at all. We cannot regard Dyke v. Erie Ry. Co., supra, as in any way governing the case before us. It seems clear that under the authorities the plaintiff's damages were properly limited to $20,000.

The same reasoning that requires the application of the Connecticut law limiting recovery to $20,000 makes it impossible to allow interest on the verdict from the date of decedent's death pursuant to § 132 of the Decedent Estate Law of New York. There is no similar provision allowing interest in the Connecticut Act and that Act completely governs the recovery and limits it to $20,000.

For the foregoing reasons, the judgment and order appealed from are affirmed.