**Judith Schwamm SNOW and Ellen Schwamm as Administrators of the goods, chattels and credits of Harvey L. Schwamm, deceased, and Lillian R. Schwamm, deceased, Plaintiffs,**

v.

**NORTHEAST AIRLINES, INC., Defendant.**

United States District Court
S. D. New York.

June 30, 1959.

Emile Z. Berman and A. Harold Frost, New York City, for plaintiffs. Marvin V. Ausubel, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant. William J. Junkerman, New York City, of counsel.

HERLANDS, District Judge.

Defendant has moved under F.R.Civ.P. rule 12, 28 U.S.C.A., to dismiss the second, fourth, sixth and eighth causes of action in the complaint herein.

The complaint contains eight causes of action. The action arises out of an accident involving an airplane owned and operated by defendant, on which Harvey L. Schwamm and Lillian R. Schwamm, plaintiffs' intestates, were passengers. The accident occurred at Nantucket, Massachusetts, on August 15, 1958.

Initially, the action was brought in the Supreme Court of the State of New York, County of Bronx. It was commenced by the service of a summons and verified complaint on March 13, 1959. Thereafter, on March 24, 1959, the action was removed to this court by the filing of an amended petition for removal on the ground of diversity of citizenship.

The first alleged cause of action is for personal injuries sustained by Harvey L. Schwamm as a result of the breach of an alleged agreement with the defendant allegedly entered into in New York City, N. Y. on the 13th day of August, 1958, to safely transport Harvey L. Schwamm from New York City to Nantucket, Massachusetts. The second alleged cause of action is for damages sustained by reason of the death of Harvey L. Schwamm as a result of the breach of this alleged agreement to safely transport the said decedent. The third alleged cause of action is for damages resulting from personal injuries sustained by Harvey L. Schwamm as a result of the breach of an implied warranty to plaintiffs' decedent by defendant "that the carriage and airplane to be used for the transportation of plaintiffs' said intestates would be fit for the purposes for which it was intended to be used." The fourth alleged cause of action is for damages sustained as a result of the death of Harvey L. Schwamm resulting from the breach of the aforementioned implied warranties heretofore enumerated.

The fifth, sixth, seventh and eighth alleged causes of action in the complaint are identical to the first four, except that they arise out of the alleged personal

injury to and subsequent death of Lillian R. Schwamm.

Thus, the second, fourth, sixth and eighth causes of action, the subjects of the pending motion to dismiss, are based upon the death of plaintiffs' intestates.

The accident resulting in the deaths occurred in Massachusetts. The tickets were purchased in New York.

Regardless of pleading nomenclature and formal recitals sounding in contract, the gravamen of the action is negligence. The operative or ultimate facts on the basis of which relief is sought in the claims under consideration are the death of the decedents wrongfully caused by defendant's alleged negligence.

■ This court must apply the conflicts rule of New York. Klaxon Co. v. Stentor Electric Manufacturing Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477. According to the New York choice of law rules, the controlling law is that of the place where the alleged tortious accident occurred, Massachusetts.

■ The applicable law of Massachusetts is Massachusetts General Laws, Chapter 229, section 2, which was effective on August 15, 1958, the date of the accident. Under Massachusetts law, any recovery for wrongful death is statutory in nature and is governed by the cited Massachusetts statute which limits recovery to a maximum of $15,000. Duggan v. Bay State Street Railway Co., 1918, 230 Mass. 370, 375–376, 119 N.E. 757, L.R.A.1918E, 680; Putnam v. Savage, 1923, 244 Mass. 83, 84–85, 138 N.E. 808; Arruda v. Director General of Railroads, 1925, 251 Mass. 255, 259–260, 147 N.E. 21; Alden v. Norwood Arena, 1955, 332 Mass. 267, 124 N.E.2d 505, 510; Abastillas v. Atlantic Union College, D.C. Mass.1951, 95 F.Supp. 974, 975.

■ Where an allegedly wrongful death results from an airplane accident, the action is governed by the law of the place where the tort was committed, notwithstanding allegations in the complaint of a breach of contract by the defendant. Although the complaint, as here, is couched in traditional contract phraseology, the liability is predicated on proof of negligence constituting breach of a duty owing by the defendant to the decedent.

■ The fact that the airplane ticket was purchased in New York does not make the New York law of contracts applicable. The controlling law is that of Massachusetts, the place where the accident occurred. Faron v. Eastern Air Lines, 193 Misc. 395, 84 N.Y.S.2d 568, quoted in Maynard v. Eastern Air Lines, Inc., 2 Cir., 1949, 178 F.2d 139, 140, 13 A.L.R.2d 646. Similarly, in Herman v. Eastern Air Lines, Inc., D.C.E.D.N.Y. 1957, 149 F.Supp. 417, 420, District Judge Galston said:

"* * * it is immaterial whether the action is in form 'ex contractu' for a breach of the carrier's contract or 'ex delicto.' * * * the liability of a public carrier of passengers is referable to the question of its negligence."

■ Upon the oral argument, plaintiffs' counsel admitted that there were no precedents to support his position. As an analogy, plaintiffs rely upon Prashker v. Beech Aircraft Corporation, 3 Cir. 1958, 258 F.2d 602. A close reading of that case discloses that the wrongful death actions governing liability and damages were brought under two statutes of Pennsylvania where the accident took place. Prashker does not depart from the universal rule that it is the law of the place where the "force impinged" causing death that gives and controls the right to bring an action for wrongful death.

The motion to dismiss the second, fourth, sixth and eighth causes of action is granted. This decision constitutes an order.