Marilyn W. PEARSON, as Administratrix of the Goods, Chattels and Credits of John S. Pearson, deceased, and Marilyn W. Pearson, Plaintiffs,

v.

NORTHEAST AIRLINES, INC., Defendant.

United States District Court
S. D. New York.
Jan. 8, 1960.

Frank G. Sterritte, New York City, for plaintiffs.

Haight, Gardner, Poor & Havens, New York City, for defendant.

WEINFELD, District Judge.

Plaintiff is the wife of John S. Pearson who was killed in the crash of one of the defendant's airplanes on August 15, 1958. She sues in her own behalf and as administratrix on behalf of her husband's estate for damages for wrongful death and conscious pain and suffering, allegedly due to the negligence of the defendant. The ill-fated flight originated in New York and the accident occurred in the vicinity of Nantucket, Massachusetts. Seven causes of action are alleged. Defendant moves under Rule 12 of the Federal Rules of Civil Procedure, to dismiss the third, fourth, fifth and sixth causes of action on the ground that they fail to state a claim upon which relief can be granted.

The third cause of action is one for breach of the contract of safe carriage

under the laws of New York and Massachusetts. The fourth cause of action is one for breach of warranties of fitness and merchantable quality grounded on the Personal Property Law of New York. The fifth cause of action seeks to recover damages caused to plaintiff as the wife of decedent under the common law of New York as it existed prior to the "Independence of the State of New York from the United Kingdom." The sixth is identical to the fifth except that it is based on the common law of Massachusetts. They will be considered in order.

■ The third cause of action, while framed in traditional contract terminology, is essentially based on the negligence of the defendant. This Court sitting in a diversity case is bound to apply New York substantive law and its conflicts of law rules. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Klaxon Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The New York cases are clear that where, as here, the " 'gravamen of the cause of action is an alleged breach of a duty through negligence, the action is governed by the applicable law of torts, even though the allegations refer to a breach of a contract.' " Maynard v. Eastern Air Lines, Inc., 2 Cir., 1949, 178 F.2d 139, 140–141, 13 A.L.R.2d 646; Loehr v. East Side Omnibus Corp., 1st Dept.1940, 259 App.Div. 200, 203, 18 N.Y.S.2d 529, 531, affirmed without opinion, 1941, 287 N.Y. 670, 39 N.E.2d 290; Faron v. Eastern Airlines, Inc., Sup.Ct.N.Y.Co.1948, 193 Misc. 395, 84 N.Y.S.2d 568. Under the New York death statute, recovery may not be had for wrongs occurring beyond the borders of the state. In an action such as this, the New York courts would look to the law of the place where the wrong occurred and apply Massachusetts rather than New York law. Baldwin v. Powell, 1945, 294 N.Y. 130, 132, 61 N.E.2d 412, 413; Royal Indemnity Co. v. Atchison, T. & S. F. R. Co., 1st Dept., 272 App.Div. 246, 250, 70 N.Y.S.2d 697, 700–701, affirmed without opinion, 1947, 297 N.Y. 619, 75 N.E.2d 631. Thus the third cause of action, insofar as it is based on New York law, is insufficient. Snow v. Northeast Airlines, Inc., D.C. S.D.N.Y.1959, 176 F.Supp. 385. It is similarly insufficient insofar as it is based on Massachusetts law, for the only recovery which may be had for wrongful death in that state is prescribed by section 2 of chapter 229 of the Massachusetts General Laws. Duggan v. Bay State Street R. Co., 1918, 230 Mass. 370, 375–376, 119 N.E. 757, 759, L.R.A.1918E, 680; Putnam v. Savage, 1923, 244 Mass. 83, 84–85, 138 N.E. 808, 809; Alden v. Norwood Arena, Inc., 1955, 332 Mass. 267, 124 N.E.2d 505, 510.

■ The fourth cause of action for breach of warranty is grounded on the New York Personal Property Law. Since it is Massachusetts and not New York law which governs here, and since as previously stated, the only recovery available for wrongful death in Massachusetts is that allowed by section 2 of chapter 229, this cause of action must also fall. Snow v. Northeast Airlines, Inc., D.C.S.D.N.Y.1959, 176 F.Supp. 385. The same is true of the fifth cause of action which is based on the common law of New York.

■ The sixth cause of action is, like the fifth, for damages to plaintiff as the wife of the decedent, resulting from the death of her husband. It is based on the common law of Massachusetts. However, in that state, "No civil action for death of a human being exists at common law." Putnam v. Savage, 1923, 244 Mass. 83, 84–85, 138 N.E. 808, 809; Carey v. Berkshire R. Co., 1848, 1 Cush. 475, 55 Mass. 475; Hudson v. Lynn & Boston R. Co., 1904, 185 Mass. 510, 512, 71 N.E. 66, 67; Abastillas v. Atlantic Union College, D.C.Mass.1951, 95 F.Supp. 974; Haken v. Northeast Airlines, Inc., Civ. No. 143–194, S.D.N.Y., May 6, 1959. Plaintiff's remedy is "wholly the creature of statute," Putnam v. Savage, supra, and that statute is section 2, chapter 229 of Massachusetts General Laws.

In the light of the extensive and common use of the airplane in modern times with most flights traversing state after

state beyond the point of origin, the vagaries of differing wrongful death acts coming into play in the event of accident may make it desirable that earlier doctrines be reconsidered. However, absent uniform state or federal legislation [1] this is a matter for determination by the state courts.

Defendant's motion is granted. Settle order on notice.

---

1. Sweeney, Report to the Civil Aeronautics Board of a Study of Proposed Aviation Liability Legislation (June 1, 1941).