G. Robert Wither, J.
Plaintiff has moved (Rules Civ. Prac., rule 109) to strike out as insufficient in law the first affirmative defense contained in defendant’s answer which is directed to all of the causes of action alleged in the amended complaint. It is alleged in said affirmative defense that the accident out of which plaintiff’s causes of action arise occurred in West Virginia, that the statutes of West Virginia limit recovery to the sum of $20,000, and that the laws of West Virginia do not permit plaintiff to sue for personal injuries and conscious pain and suffering of her decedent. In the amended complaint are separately stated and numbered four causes of action. It is alleged as common to all said causes of action that in May, 1959 plaintiff’s intestate bought of defendant a round-trip ticket for travel by defendant’s air line from Rochester, New York to Atlanta, Georgia and return to Rochester, and that he boarded one of defendant’s airplanes at Rochester for the trip; that en route to Georgia defendant’s airplane, for defendant’s own purposes, landed at an airport in West Virginia, turned over and burned, consuming plaintiff’s intestate.
In her first numbered cause of action plaintiff alleges that defendant negligently supplied decedent with a defective safety seat belt and failed to instruct him how to use it; that as a result decedent could not extricate himself from the airplane and died in the flames. Plaintiff asks $250,000 damages for decedent’s wrongful death under sections 130-133 of article 5 of the Decedent Estate Law of New York, and also asks $250,000 damages for his pain and suffering which, in her brief, she founds on section 119 of the Decedent Estate Law of New York.
In her second numbered cause of action plaintiff alleges that defendant was negligent in that its equipment for bringing the *459 airplane to a halt on landing was defective; that the defect occurred in New York, Pennsylvania and District of Columbia as well as in West Virginia; that defendant failed to inspect the aircraft and find the defect in said States and District, resulting in damages for which she asks judgment as in the first numbered cause of action.
In the third numbered cause of action plaintiff alleges defendant’s negligence as alleged in the first and second causes of action and alleges that section 5474 of the West Virginia Code of 1955 gives her a right of action against defendant for damages for wrongful death, and plaintiff asks $250,000 damages in this cause of action.
In her fourth cause of action plaintiff alleges that defendant broke its contract to carry defendant safely, resulting in injury, pain and suffering to him and loss of earnings during his life expectancy, to his damage in the sum of $250,000. Plaintiff apparently relies upon section 116 of the Decedent Estate Law of New York which provides that in case of death a cause of action in contract survives to one’s legal representative.
It will be noted that defendant has not moved to dismiss any of these causes of action, nor has it moved to require plaintiff to separately state and number the causes of action alleged in each of the first and second numbered causes of action. Instead, plaintiff has moved to strike defendant’s said first affirmative defense to these several alleged causes of action on the ground that the defense is insufficient in law. Such motion “ searches the record ’ ’ and, whether or not the defense is sufficient in law, if the amended complaint to which it is directed is insufficient, the motion must be denied. (Teller v. Prospect Heights Hosp., 280 N. Y. 456, 458; Salimoff & Co. v. Standard Oil Co., 237 App. Div. 686, 688, affd. 262 N. Y. 220; New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 236 App. Div. 494, 495.) Moreover, assuming each cause of action of the amended complaint to be sufficient, if the affirmative defense is sufficient as to any one of them, it must stand and the motion be denied, because the motion is not directed against the defense in respect of any particular cause of action. (Cf. Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79, 84; Wallace v. Perlman, 9 A D 2d 934; Andrews v. 98 Montague, 282 App. Div. 1066.)
Since the first and second causes of action are admittedly founded upon the Decedent Estate Law of New York, they are insufficient in law, for the New York law has no extraterritorial effect. (Debevoise v. New York, L. E. & W. R. R. Co., 98 N. Y. 377; Baldwin v. Powell, 294 N. Y. 130; Royal Ind. Co. v. Atchison, Topeka & S. F. Ry. Co., 297 N. Y. 619, affg. 272 App. *460 Div. 246, 250; Watkins v. Commercial Stevedoring Co., 216 App. Div. 234.)
Even if plaintiff’s first and second causes of action are claimed to be based upon the common law, they are insufficient, for at common law a cause of action for personal injury did not survive death and no cause of action for wrongful death existed in surviving relatives. (Dennick v. Railroad Co., 103 U. S. 11, 21; Debevoise v. New York, L. E. W. R. R. Co., 98 N. Y. 377, supra; Loucks v. Standard Oil Co., 224 N. Y. 99, 103; Greco v. Kresge Co., 277 N. Y. 26, 32; Woodford v. McDaniels, 73 W. Va. 736, 737; Restatement, Conflict of Laws, § 390.)
Section 390 of the Restatement, Conflict of Laws, provides as follows: “ § 390. Survival of Actions. Whether a claim for damages for a tort survives the death of the tortfeasor or of the injured person is determined by the law of the place of wrong.”
Since the accident occurred in West Virginia plaintiff’s cause of action in negligence depends upon the West Virginia statutes, and she is limited to the provisions thereof. (Salimoff & Co. v. Standard Oil Co., 262 N. Y. 220, supra.) In the Salimoff case the court stated at page 227: ‘1 The courts cannot create a foreign wrong contrary to the law of the place of the act. (Slater v. Mexican Nat. R. R. Co., 194 U. S. 120; American Banana Co. v. United Fruit Co., 213 U. S. 347.) ”
Section 5477 [8] of the West Virginia Code of 1955 expressly provides that a cause of action for injuries shall survive the injured person’s death, but the action must be revived in the name of his personal representative and be governed by sections 5474 and 5475 of said code, and there shall be but one recovery. The pertinent part of the statute is as follows: “ § 5477. [8] When Action Not to Abate; Survival of Action for Personal Injury against Wrongdoer. — Where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies as a result thereof pending the action, the action shall not abate by reason of his death but, his death being suggested, it may be revived in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections five and six (§§ 5474 and 5475) of this article, and the case proceeded with as if the action had been brought under said sections. But in such case there shall be but one recovery for the same injury. (1945, c. 2; 1949, c. 4; 1959, c. 3.) ”
Section 5477 (1) [8a] which specifies which causes of action survive death, omits provision for causes resulting in death. It provides in part as follows: 1 ‘ Which Actions Survive; Limi *461 tations; Which Law Governs. — - (a) In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.”
In Union Carbide Corp. v. Goett (256 F. 2d 449) at page 453 the court said: “ The West Virginia Wrongful Death Act, like other statutes patterned on Lord Campbell's Act, has created a new canse of action for the benefit of certain named beneficiaries, and has not perpetuated the cause of action which the deceased had before Ms death. Dunsmore v. Hartman, 140 W. Va. 357, 84 S. E. 2d 137; Gulf, C & S, F. T. Co. v. McGinnis, 228 U. S. 173, 33 S. Ct. 426, 57 L. Ed. 785; Continental Casualty Co. v. The Benny Skou, 4 Cir., 200 F. 2d 246, 248, certiorari denied 345 U. S. 992, 73 S. Ct. 1129, 97 L. Ed. 1400.”
Woodford v. McDaniel (73 W. Va. 736, supra), holds likewise. The courts of New York are bound by the interpretation of the statute made by the courts of West Virginia. (See Schwertfeger v. Scandinavian Amer. Line, 186 App. Div. 89, affd. 226 N. Y. 696.)
But it is urged that the first and second causes of action based upon the Decedent Estate Law of New York should be sustained on a new theory of conflict of laws, namely, the “center of gravity ” theory adopted by the Court of Appeals in Auten v. Auten (308 N. Y. 155) with respect to contract actions. In that case the court held that the law to be applied was that of the jurisdiction which had most to do with all aspects of the problem involved. Plaintiff suggests that because defendant, as is alleged, negligently furnished a safety seat belt to plaintiff's decedent in New York and negligently permitted defective equipment for halting the airplane on landing to be used from the point of origin in New York and because plaintiff's decedent was a New York resident, as are plaintiff and her children, New York is the jurisdiction having “the most significant contacts with the matter in dispute,'' and its law should be applied.
The Auten case involved a contract whereas the first and second causes of action herein are founded in tort. Plaintiff has cited no case in which the doctrine of the Auten ease has been extended to negligence actions.
Actionable negligence means the violation of duty resulting in damage. It does not exist in the abstract. There can be no liability for negligence where there is no injury. The negligence of wMch plaintiff complains in New York and elsewhere before *462 arrival in West Virginia resulted in no injury at those times. Section 377 of the Restatement, Conflict of Laws, provides: “ § 377. The Place oe Wbohg. The place of wrong is in the state where the last event necessary to make an actor liable for an alleged tort takes place.” The continuance of the alleged negligent acts of the defendant in West Virginia is what injured plaintiff’s decedent, and that is where the last event necessary to make an actor (the defendant) liable in tort took place. Thus under section 377 of the Restatement, Conflict of Laws, the law of West Virginia applies.
But even if the “ center of gravity ” theory were to be applied in this case, a strong argument may be made that the place where the accident occurred is the place where ‘ ‘ the most significant contacts with the matter in dispute ” took place, and that the law of such jurisdiction should be applied. (See Noel v. Airponents, Inc., 169 F. Supp. 348.) If, however, existing principles of conflict of laws with respect to torts are deemed outmoded, I think that a change such as plaintiff suggests should not be initiated by this court.
The first and second causes of action are insufficient in law and cannot support this motion.
The third cause of action, also to recover for wrongful death, is based upon section 5474 of the West Virginia Code. It contains sufficient allegations. Defendant’s affirmative defense, based upon section 5475 of the code, alleges a limitation on the amount of damages recoverable. If the latter is part of the substantive right granted to plaintiff under section 5474 of the code, the defense is properly interposed, but if it is merely a procedural or remedial provision, similar to some time limitations for instituting suit, this answer does not constitute a valid defense, since New York has no such limitation as to amount of recovery. (Lipton v. Lockheed Aircraft Corp., 307 N. Y. 775, affg. 283 App. Div. 769, affg. 204 Misc. 693; Wyman v. Pan Amer. Airways, 181 Misc. 963, affd. 267 App. Div. 947, affd. 293 N. Y. 878, cert. denied 324 U. S. 882; Colliton v. United Shipyards, 256 App. Div. 923, affd. 281 N. Y. 582; Hughes v. Hinson’s Garage, 9 A D 2d 1014; and, see, Sharrow v. Inland Lines, 214 N. Y. 101, 107 et seq., explaining, distinguishing and declining to extend Johnson v. Phoenix Bridge Co., 197 N. Y. 316; see, also, Schwertfeger v. Scandinavian Amer. Line, 186 App. Div. 89, affd. 226 N. Y. 696, supra.) Section 388 of Restatement, Conflict of Laws, is in accord. It provides as follows: “ § 388. Defenses. If there is a defense on the merits to the plaintiff’s claim by the law of the place of wrong, no recovery can be had on the claim in another state.”
*463 The West Virginia statute which gives the plaintiff the right of action for wrongful death is founded on article 7 of the West Virginia Code of 1955 entitled u Actions for Injuries,” It consists of sections 5470 through 5482 (1) with subnumbers [1] through [14] consecutively. Section 5474 [5] provides that ‘1 Whenever the death of a person shall be caused by wrongful act * * * [which act] would (if death had not ensued) have entitled the party injured ” to sue for damages in respect thereof, the person responsible therefor shall be liable in damages. Section 5475 [6] provides, with respect to 66 Every such action ”, who may sue, who shall benefit therefrom and in what proportion, and the limitation on the amount of the recovery. It provides that the personal representative of the decedent “ shall ” bring the action; that the sum recovered shall be distributed as provided by law in ease of intestacy; and that the jury may in no event award more than $20,000 total damages. It further provides that such action shall be commenced within two years after the death of the deceased person.
The question of time limitation is not material as such in this case, hut because of its physical position in the statute it should he considered. It may well be, in the light of some of the cases cited above on this subject, that the time limitation in said section is remedial so as not to bind plaintiff in New York, which has a longer Statute of Limitations. Nevertheless, I think it clear that the preceding provisions of said section, setting forth who may sue, who shall receive the sum recovered, and the limitation on the amount of recovery, are matters of substance, qualifying the right of action. As said in Loucks v. Standard Oil Co. (224 N. Y. 99, supra) at page 109: “ The Supreme Court of the United States has held under like conditions that the foreign law governs not only the definition of the tort, but also the assessment of the damages (Northern Pac. R. R. Co. v. Babcock, 154 U. S. 190; Slater v. Mexican Nat. R. R. Co., 194 U. S. 120, 126).” And at pages 111 and 112: 66 Through the defendant’s negligence, a resident of New York has been killed in Massachusetts. He has left a widow and children who are also residents. The law of Massachusetts gives them a recompense for his death. It cannot be that public policy forbids our courts to help in collecting what belongs to them. We cannot give them the same judgment that our law would give if the wrong had been done here. Very likely we cannot give them as much. But that is no reason for refusing to give them what we can.” (Emphasis added.) (And, see, Restatement, Conflict of Laws, § 377, supra, “ The Place of Wrong ”, and the following sections thereof.) 11 § 391. Right of Actioh fob. Death. The law *464 of the place of wrong governs the right of action for death.” And note d. thereunder, as follows :
“ d. Amount of recovery. The law of the place of wrong governs the amount of recovery for wrongful death as well as the right to recover. Thus, any limitation upon the amount imposed by the law of the place of wrong will be applicable to determine the maximum amount recoverable elsewhere (see § 412).”
“ § 412. Measure of Damages fob Tobt. The measure of damages for a fort is determined by the law of the place of wrong.”
The plaintiff seeks to have the court determine that West Virginia gave her a right of action for wrongful death, that the limitation as to amount of recovery is merely a matter of local policy for citizens of West Virginia, and that since the parties to this action are not citizens of West Virginia, the law of the forum, to wit, New York which has no limitation as to amount of recovery, should be applied. She relies on Wooden v. Western N. Y. & P. R. R. Co. (126 N. Y. 10) where in a reverse situation that principle was applied. In Loucks v. Standard Oil Co. (224 N. Y. 99, supra) at pages 108 and 109 that case was discussed without enthusiasm and the court said “ the ruling in the Wooden case expresses a conception of our public policy which is not to be extended.”
In Coster v. Coster (289 N. Y. 438) the court had under consideration a Massachusetts statute which provided that “ a married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife ”. The law of New York at the time, as now, permitted suits between husband and wife. Plaintiff, a New York resident, was a guest in defendant’s automobile in Massachusetts and was injured. She brought suit against him in New York for damages, and defendant answered. Pending trial, plaintiff married defendant in New York. Defendant then amended his answer to set up the Massachusetts statute in bar. The court held that the provision against suits between husband and wife went to plaintiff’s substantive right, which this court must enforce unless our public policy forbids. It said at pages 442 and 443,6 8 But our public policy to permit the maintenance by one spouse of a suit against the other to recover damages for personal injuries does not require or authorize our courts to ignore foreign law affecting substantive rights where such law merely differs from our own. * * * We cannot determine what the public policy of the Commonwealth of Massachusetts should be.”
*465 This court, in following the Coster decision, has expressed its disagreement with the extent to which the court carried the principle (Pryor v. Merchants Mut. Cas. Co., 12 Misc 2d 801). It seems that the principle of the Coster case applies here and controls this court.
The affirmative defense to the third cause of action is therefore sufficient.
With respect to plaintiff’s fourth cause of action for breach of contract by defendant to carry plaintiff’s decedent safely, plaintiff contends that defendant’s affirmative defense is insufficient, and she relies upon Dyke v. Erie Ry. Co. (45 N. Y. 113) and Kilberg v. Northeast Airlines (N. Y. L. J., Jan. 4, 1960, p. 11, col. 1)* wherein New York law was applied.
Defendant points out that although a cause of action exists in contract, the breach thereof is the negligence of defendant (Greco v. Kresge Co., 277 N. Y. 26, 34, supra; Webber v. Herkimer & Mohawk St. R. R. Co., 109 N. Y. 311, 314; Loehr v. East Side Omnibus Corp., 259 App. Div. 200, affd. 287 N. Y. 670; Carr v. Lipshie, 8 A D 2d 330), which returns us to the problems above discussed with respect to negligence.
In the light of the Kilberg case (supra) plaintiff particularly urges that the “ center of gravity” theory of conflict of law should be applied here. (Auten v. Auten, 308 N. Y. 155, supra.) She contends that since the contract was made in New York for carriage of plaintiff’s decedent from New York to Georgia and back to New York, and since it is alleged that defendant broke its contract through negligence in New York and other States, including West Virginia, as many significant contacts with the matter in dispute occurred in New York as in West Virginia and the law of the forum, that of New York, should be applied. As above noted the center of gravity theory has not as yet been carried this far.
Since the breach of contract claimed by plaintiff is based upon the acts of negligence alleged in the other causes of action in the amended complaint, of which only the third cause of action is sufficient in law, and since it is held that the affirmative defense is sufficient against the third cause of action, it is likewise held to be sufficient against the fourth cause of action. The court’s view concerning the application of the center of gravity theory of conflict of laws is the same as expressed with respect to the causes of action in negligence, because, as the above cases hold, the gist of the breach of contract is the alleged negligence of defendant. In a case of this sort it is not believed that the relief obtained should depend upon the theory undes? which it is brought.
*466 In conclusion it is noted that in several cases a holding contrary to plaintiff’s contention has been made (Faron v. Eastern Airlines, 193 Misc. 395; Maynard v. Eastern Airlines, 178 F. 2d 139; Herman v. Eastern Airlines, 149 F. Supp. 417; Snow v. Northeast Airlines, 176 F. Supp. 385).
It is held, therefore, that the affirmative defense to plaintiff’s third and fourth causes of action is sufficient, and that plaintiff’s motion to strike the first affirmative defense from the answer is denied. Submit order accordingly.

 Revd. 10 A D 2d 261.