JACK KILBERG, as Administrator of the Estate of EDWARD J. KILBERG, Deceased, Respondent, v. NORTHEAST AIRLINES, INC., Appellant.

First Department, April 12, 1960.

*William J. Junkerman* of counsel (*Maurice L. Noyer* with him on the brief; *Haight, Gardner, Poor & Havens,* attorneys), for appellant.

*Lee S. Kreindler* of counsel (*Jay R. Handwerger* with him on the brief; *Leonard J. Fassler,* attorney), for respondent.

*Per Curiam.* The plaintiff's intestate, a passenger for hire, traveling in the defendant's plane from New York to Nantucket,

Massachusetts, on August 15, 1958, was killed when the plane crashed on Nantucket Island.

The cause of action under consideration, predicated upon the breach of a contract made in New York, seeks to recover for loss of accumulation on behalf of the estate, pursuant to the New York Decedent Estate Law (§ 116). We are, of course, not concerned here with the causes of action for wrongful death and conscious pain and suffering.

The plaintiff alleges substantially that the defendant breached its implied contract of safe carriage by the negligent operation of its plane, culminating in its destruction and the death of the passenger.

The Massachusetts death statute limits recovery to a maximum of $15,000 against a common carrier for death caused by its negligence. Thus, we should determine whether the second cause of action, which patently seeks to avoid the recovery limitations of the Massachusetts death statute, is sufficient. We must conclude that it is not.

The plaintiff does not question the general rule that the right to recover in a death action is governed by the law of the place where the wrong occurred. However, he contends that the cause of action is not one for wrongful death, or for damages for loss suffered by the decedent's survivors by reason of his death, but that "It merely asserts a statutory codification of a common law cause of action for breach of contract, and seeks on behalf of the decedent's Estate to recover for such Estate the amount the deceased would have accumulated had he lived out his normal life expectancy." The short answer is that the cause of action alleges a breach of duty through negligence. The fact that it has been seductively clothed in form *ex contractu* does not control. Relief, if any, may be obtained only upon proof of the defendant's negligence. It follows, therefore, that the laws of Massachusetts, where the injuries were inflicted, govern the extent of the damages which may be recovered (*Faron* v. *Eastern Airlines,* 193 Misc. 395; *Maynard* v. *Eastern Airlines,* 178 F. 2d 139; *Snow* v. *Northeast Airlines,* 176 F. Supp. 385; Restatement, Conflict of Laws, § 391).

The plaintiff's reliance on *Dyke* v. *Erie Ry. Co.* (45 N. Y. 113) is misplaced. Unlike the case at bar, *Dyke* was not a death action. The passengers there engaged the defendant to carry them from one point to another in New York State. They were injured while the train was traveling through Pennsylvania. The court said (p. 116): "The duty and obligation of the defendant, in the performance of the contracts commenced and ended within the State of New York." That is not the situation

here, and we are not privileged to extend the rule. Moreover, later decisions by the Court of Appeals, while not involving conflict of laws but rather Statutes of Limitation, would seem to limit the holding in *Dyke,* in that they apply the negligence limitations to actions that were pleaded as breaches of contract arising out of negligence (see *Blessington* v. *McCrory Stores Corp.,* 305 N. Y. 140; *Webber* v. *Herkimer & Mohawk St. R. R. Co.,* 109 N. Y. 311; *Loehr* v. *East Side Omnibus Corp.,* 259 App. Div. 200, affd. 287 N. Y. 670).

The order entered at Special Term denying the defendant's motion to dismiss the second cause of action, alleged in its supplemental complaint, for insufficiency, should be reversed on the law, with costs, and the motion granted.

RABIN, J. P., M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Order entered at Special Term denying defendant's motion to dismiss the second cause of action, alleged in its supplemental complaint, for insufficiency, reversed, unanimously, on the law, with $20 costs and disbursements, and the motion granted, with $10 costs.