No. 12,574.

The People *v.* Miller.

(8 P. [2d] 269)

Decided February 8, 1932.

Mr. Robert E. Winbourn, Attorney General, Mr. Oliver Dean, Assistant, for the people.

Mr. Herbert A. Alpert, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

The people of the state of Colorado sued Frank C. Miller to recover, under C. L. section 3660, et seq., a gasoline excise tax. Miller pleaded only two defenses that we need consider; the six-year statute of limitations, and payment. The people demurred to each of these defenses, the court overruled both demurrers, and, the people electing to stand upon the demurrers, dismissed the action.

Two questions are presented: 1. Does the six-year statute of limitations run against the state? 2. Was the defense of payment sufficiently pleaded?

1. Miller relies upon the general statute of limitations, C. L., section 6392, which provides: "The following actions shall be commenced within six years, next after the cause of actions shall accrue, and not afterwards: First—All actions of debt founded upon any contract or liability in. action. * * * Fourth—All actions of assumpsit, or on the case founded on any contract or liability, express or implied."

■ It was a maxim of the common law that, "Lapse of time does not bar the right of the Crown." Broom's Legal Maxims (7th Ed.), p. 65. The king, therefore, was not bound by the statute of limitations, unless there was an express provision including actions brought by the Crown. Angell on Limitations (6th Ed.), §34; *United States v. Hoar*, 2 Mason Cir. Court, 311, 312, per Mr. Justice Story. In 17 R. C. L., p. 689, it is said: "In England the rule has long been recognized that * * * a statute of limitations does not bind a sovereign without express words of inclusion. * * * This principle of construction of statutes, at least as far as it affects statutes of limitation, has been followed in the United States. * * * Hence the rule is that neither the general government nor the state is bound by such a statute unless it is named or it is expressly so provided." And in 1 Wood on Limitations (4th Ed.), §52, the author, speaking of the statute of limitations, says: "Except the statute otherwise expressly provides, it cannot be set up as a bar to any right or claim of the State; thus, it does not apply * * * to any class of claims in favor of the State, unless the statute expressly so provides." The law is thus stated in 19 Am. & Eng. Ency. Law (2d Ed.), p. 188: "The prerogative of royalty in regard to the limitation of actions extends to republican governments, and the maxim *nullum tempus occurrit regi* applies in the United States, both as to the federal government and as

to the several states, except where express statutory provisions to the contrary exist." Citing many cases decided by the U. S. Supreme Court and the Supreme Courts of the states. In *Metropolitan Railroad Co. v. District of Columbia,* 132 U. S. 1, 11, 10 Sup. Ct. 19, the court quoted with approval the following statement in 2 Dillon, Municipal Corporations (3d Ed.), §668: "The doctrine is well understood, that to the sovereign power the maxim, *'nullum tempus occurrit regi,'* applies, and that the United States and the several States are not, without express words, bound by statutes of limitation."

In *Dietemann v. People,* 76 Colo. 378, 232 Pac. 676, the people sought to recover an inheritance tax under the Act of 1902 (S. L. 1902, c. 3). Section 41 of that act (since repealed—S. L. 1909, c. 193) provided that all inheritance taxes should be sued for within five years after they were due and legally demandable. As such suits can be prosecuted only by the people, or in their behalf, we held that that section of the statute barred recovery by the people in a proceeding brought after the time limit. However, we recognized the law to be as stated above when we said: "Statutes of Limitation ordinarily do not apply to the state, but the legislature may make them applicable to the state if it sees fit to do so, and it has done that here because the limitation of five years runs as against the state, and the tax belongs to the state only."

In the act under which the present suit was brought, there is no provision limiting the time within which action may be commenced, and the general statute of limitations does not apply to actions brought by the people. The demurrer to the plea of the statute of limitations should have been sustained.

■ 2. The plea of payment was as follows: "That *if* any sum of money whatsoever was ever due unto plaintiff as alleged in said * * * cause of action, defendant alleges that he did prior to the institution of this action pay the same and each and every item thereof." The

plea was hypothetical and therefore bad. The demurrer thereto should have been sustained. *Ilfeld v. Ziegler*, 40 Colo. 401, 91 Pac. 825.

The judgment is reversed, and the cause is remanded for further proceedings in harmony with the views herein expressed.

Mr. Chief Justice Adams, Mr. Justice Moore and Mr. Justice Burke concur.