EDWARD W. MANNING, Plaintiff, *v.* 1234 CORPORATION and Others, Defendants.

Supreme Court, Special Term, New York County, March 25, 1940.

*Jacob Rosenberg*, for the plaintiff.

*Chauncey L. Grant*, for the defendants.

McLAUGHLIN, J. This action is one against the defendant 1234 Corporation charging that corporation with a claim that it was a hotel or innkeeper and that as a result of the defendant's not keeping the provisions of its contract as such innkeeper plaintiff was struck by one of the defendant's employees with the result that he was injured. The plaintiff urges that he does not allege assault and battery and that his action is based solely upon a breach of contract and violation of the defendant's common-law duty as an innkeeper.

Apparently the plaintiff has sought to comply with the previous ruling of one of the justices of this court and claims that he has omitted any reference to the assault, battery, pain and suffering, and asserts that his cause of action as set forth in this second amended complaint is based strictly upon a breach of contract and a violation of a common-law duty.

The action was commenced by the service of a summons on March 8, 1939. The occurrence complained of happened on March 5, 1936. If this action is one for assault and battery then the two-year Statute of Limitations (Civ. Prac. Act, § 50) would apply. If it can be classed strictly as a breach of contract action then the six-year Statute of Limitations would necessarily apply. (Civ. Prac. Act, § 48.)

There seems to have been considerable doubt as to the application of the Statute of Limitations when the injury is caused by assault and negligence, and when the plaintiff sues for a breach of contract and attempts to recover for the injury sustained as a result of the tort. However, it seems to have been recently settled by the Appellate Division, First Department, in the unanimous decision rendered on March 15, 1940, in the case of *Loehr* v. *East Side Omnibus Corp.* (259 App. Div. 200). There the plaintiff sued for damages as a result of an occurrence in which she was injured by the rowdyish actions of other passengers, and also by the way in which the car stopped. She also claimed that whatever damages resulted arose out of the breach of contract to carry the plaintiff safely. The court held that she could have no recovery since she brought the action more than three years after the occurrence, and

that it would be barred by the statute applicable to negligence actions. The court cited the case of *Webber* v. *Herkimer and Mohawk St. R. R. Co.* (109 N. Y. 311), in which it was distinctly held as follows: " The form of the action, whether *ex contractu*, as claimed to be the case here by appellant's counsel, or *ex delicto*, does not affect the case under this statute. (*Carroll* v. *Staten Island R. R. Co.*, 58 N. Y. 126, 134.) The liability of the defendant, as a carrier of passengers, is referable to the question of its negligence." The court also distinguished the case of *Busch* v. *Interborough Rapid Transit Co.* (187 N. Y. 388), relied upon by the plaintiff, and stated that the decision therein did not consider the question of the Statute of Limitations.

In considering the present complaint we can see no difference between the case under review and that of *Loehr* v. *East Side Omnibus Corp.* (*supra*), except that one has its basis in negligence and the other in assault. The basic fact controls the statute. Here the ruling of the court is that the Statute of Limitations governing assault cases is the one that must apply. Therefore, as the action is barred by this statute, the second amended complaint is dismissed.