No. 14,893.

WOLF *v.* HALLENBECK.

(123 P. [2d] 412)

Decided January 26, 1942. Rehearing denied March 9, 1942.

Mr. GOLDING FAIRFIELD, Mr. HENLEY A. CALVERT, for plaintiff in error.

Messrs. Smith, Brock, Akolt & Campbell, Mr. J. H. Shepherd, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Defendant in error, to whom we hereinafter refer as Hallenbeck, brought this action against plaintiff in error, hereinafter mentioned as Wolf, and others to "remove cloud from title" to certain lots in the city of Denver. He had judgment for title, possession and costs. Wolf, alone, seeks reversal of the holding on a writ of error.

It appears from the record that November 7, 1935, Hallenbeck conveyed the property in question to one Lewis by warranty deed in which it was recited, inter alia: "As a part of the consideration for this conveyance, the grantee covenants that on or before Dec. 1, 1937, he will cause to be erected on the property a house with a minimum cost of $7,500.00, and in the event the grantee fails to cause such a house to be constructed, the title to said property shall revert to C. V. Hallenbeck and the amount paid therefor of $525.00 shall be forfeited to C. V. Hallenbeck as liquidated damages." This deed was recorded February 26, 1937.

November 10, 1936, Lewis conveyed the property to Wolf by warranty deed which contained a recital that the property was "free and clear * * * except * * * restriction calling for substantial building within a year from date."

Wolf, while not admitting that he took the property subject to the restriction, does not defend on that ground. He admits that no building was erected upon the property at any time, but asserts that the action is barred by section 154, chapter 40, '35 C.S.A.

Said section 154 is as follows: "No action shall be commenced or maintained to recover possession of real property or to enforce the terms of any restriction con-

cerning real property, or to compel the removal of any building or improvement on land because of the violation of any of the terms of any restriction, unless said action be commenced within one year from the date of violation for which the action is sought to be brought or maintained." It is admitted that this action was not instituted until twenty-one months after December 1, 1937.

██ ██ Hallenbeck contends that the provision in the deed requiring the construction of a $7,500.00 house on the premises before December 1, 1937, is a condition subsequent, and therefore not covered by said section 154, which, under a proper interpretation, he says is limited to building restrictions, as such, technically construed as in section 372 (f), p. 359, 18 C.J., and in section 141 (f), p. 474, 26 C.J.S. We seriously doubt that the word "restriction," as used in said section 154, should be given such a limited meaning. We have held that the provisions of the act, of which section 154 is a part, should be harmoniously construed. *Birkby v. Wilson,* 92 Colo. 281, 19 P. (2d) 490. Section 153, immediately preceding, refers to "building restrictions *and all restrictions as to the use* or occupancy *of real property*" and "restrictions which provide for the forfeiture or defeasance of title," and section 154, as already noted, includes the words "the terms of any restriction." (Italics are ours.) It must be conceded, we think, that this language is sufficiently broad to include this "condition subsequent," as Hallenbeck interprets the restrictive clause in the deed. In fact, one of the instruments upon which he relies refers to it as a "restriction." A covenant of this kind is included in article 8, page 48 under the heading, "Restrictions as to the Use of Land," Thompson on Real Property (Permanent ed.), vol. 7, p. 70, §3583 (3378). Berry, Restrictions on Use of Real Property, p. 80, §55. Also, see Words and Phrases (Permanent ed.), vol. 37, p. 468.

The particular part of said section 154, which in our opinion applies to the case at bar, is: "No action shall be commenced or maintained * * * to enforce the terms of any restriction concerning real property * *. * unless," etc.

As already indicated, we believe, and so hold, that the special covenant used here is a "restriction concerning real property" within the meaning of said section 154. We also are of the opinion that although this action is entitled "To Remove Cloud from Title," it, nevertheless, is an action to enforce the terms of a restriction. It is to be remembered that Wolf is the record title owner; by which we mean that any person desiring to ascertain the status of the fee title would find upon examination of the public records that such fee was in him. Assuming that the language used in the deed from Hallenbeck to Lewis is a "condition subsequent," the breach of the condition does not cause the title to automatically revert to Hallenbeck. He must take some action to make the reversion effective. "On the occurrence of the event which constitutes a breach of a condition subsequent annexed to an estate in fee simple defeasible, the estate does not terminate * * * unless and until the power of termination is exercised." Restatement of the Law—Property—Introduction—Freehold Estates, p. 196, §57.

We do not suggest how this power of termination should be exercised, but where, as here, the grantor seeks to do so by judicial proceedings, it would seem he is bound by the time limitation fixed by statute which by its terms is to be liberally construed to the end that the record title may be relied upon. This being true, we believe the conclusion inescapable that this is an action to enforce the "defeasance of title" in Wolf. Section 306, Berry, Restrictions on Use of Real Property," begins as follows: "Equity will enforce covenants * * * in regard to the use of the property," which would indicate that the word "enforce," as used in said section 154, applies

to the present action.

We therefore conclude that this action is barred by said section 154, and accordingly the judgment is reversed and the cause remanded with instructions to dismiss the complaint.

MR. JUSTICE BURKE concurs in the conclusion.

MR. JUSTICE HILLIARD dissents.