No. 17,342.

STATE OF COLORADO *v.* ESTATE OF GRIFFITH ET AL.

No. 17,343.

JEFFERSON COUNTY DEPARTMENT OF PUBLIC WELFARE

*v.*

ESTATE OF GRIFFITH ET AL.

(275 P. [2d] 945)

Decided October 25, 1954.   Rehearing denied November 15, 1954.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. ROBERT S. WHAM, Assistant, for plaintiff in error State of Colorado.

Mr. MANSUR TINSLEY, for plaintiff in error Jefferson County Department of Public Welfare.

Mr. DAVID B. RICHESON, for defendants in error.

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DUE to the similarity of the subject involved, the two cases appearing on the title page are consolidated for purposes of review. It is made plain that double recovery is not sought, and the State of Colorado filed its claim in the estate involved as a matter of security against a possible determination that the county welfare department is not a part of the sovereign, and for that reason be denied recovery.

Alice May Griffith, a resident of Jefferson county, died intestate September 28, 1952. Beginning in May of 1947, she was the recipient of old age pension benefits from the State of Colorado until her death, having received the total sum of $4,691.65. Two days after her death, letters of administration were issued to the Public Administrator of Jefferson county, who filed an inventory on October 14 following his appointment, which disclosed an estate in Colorado of the gross value of $7,980.41, which represented $3,750.00 real estate; $4,069.16, bank account; and $161.25 as value of other property. The real estate was sold for $5,000.00 cash and the sale confirmed November 5, 1952. Proof of publication of notice to creditors was filed April 14, 1953, and on November 6, 1952, Jefferson county welfare department filed its claim

in the pending estate for a refund of the pension payments made to deceased from April 1950 to June 1951, in the total amount of $592.28. This claim was approved and allowed by the court June 8, 1953. After the filing of an additional inventory, the welfare department filed its amended claim covering all amounts paid to deceased from May 1947 through September of 1952. Before a hearing on the claim thus presented, the administrator and counsel for the welfare department stipulated that the deceased was ineligible to receive the pension payments that had been made to her. On the hearing, the county court allowed the claim of $592.28 which was filed November 6, 1952, but denied the amended claim filed on June 26, 1953 on the ground that the latter claim was barred by the nonclaim statute, which provides that all claims, including nonmatured and contingent claims be filed within six months of the issuance of letters of administration, and if not filed within said six months shall be forever barred against said estate.

Prior to the hearing on the claim filed by the county welfare department, the State of Colorado, through the Attorney General, upon the requirement of the Governor, had filed its claim covering the items presented in the claim of the welfare department. The State of Colorado filed its claim as a matter of security against the contingency that might arise in the prosecution of the welfare department's claim to the effect that the welfare department was not such an arm of the state government as to be entitled to the state's claim of immunity from the bar of the statute of nonclaim, which was relied upon by the county court.

Both claimants now appear as plaintiffs in error and seek review of the judgment denying their claims on the ground expressed by the trial court and here follow the contention made in the county court that the Jefferson County Department of Public Welfare was, and is, an instrumentality of the state and as such, in acting on behalf of the state, was entitled to all of the attributes of

immunity, almost universally given, from the operation of all statutes of limitations, and it is needless to say that this argument includes any argument to be made on behalf of the state. The first premise for consideration is the holding to be found in all the decisions from other jurisdictions and appearing in all text writing, to the effect that claims of a state or its subdivisions or of any arm of the sovereign power, when acting in and under that power in their governmental capacities, are not barred by limitation or nonclaim statutes, unless expressly included in such statutes. An examination of the statute relied upon by the trial court as a bar to the claims here presented, discloses that it contains neither an express nor an implied application to the state.

Upon the stipulated fact that deceased was ineligible, and section 14, chapter 201, S.L. '37, which is as follows: "Any person who makes a false representation of a material fact determining his eligibility for a pension under this Act, and who by reason of said false representation actually receives a pension under this Act which would not have been granted except for said false representation shall be liable to the State or County Department for a return of the total amounts thus received by him as a pension; and no exemption shall be allowed any person against a judgment for the amount of moneys thus fraudulently obtained. Actions for the recovery of such sums shall be prosecuted by the county or State Department in any court of record having jurisdiction thereof." and the decision of this Court in the case of *Kostelc v. Lake County Department of Public Welfare,* 122 Colo. 481, 223 P. (2d) 614, leaves no doubt of the right of the county department of public welfare or the state to recover the monies represented by the claims herein made. Of course, a recovery by one is a recovery for the other, and there can be no duplication in this respect. In the instant case, even in the absence of the stipulation or the statute or the decisions referred to, where the money has been fraudulently obtained, the

agency so defrauded could recover in any event. On the question of immunity from the nonclaim statute, or any other statute of limitation, we have no hesitancy in saying that in this case the monies claimed and sought to be recovered belong to the welfare department as an agency of the State of Colorado, and without further discussion of the questions involved, and to save an undue lengthening of this opinion, we may well conclude this discussion by saying that the case of *Ray, Admx. v. State of Colorado,* 123 Colo. 144, 226 P. (2d) 804, is absolutely controlling on every principle involved herein. There the state sought to recover income taxes which had been calculated as being due from deceased and the Court said that such a claim should not be considered as ordinary claims classified under section 195, chapter 176, '35 C.S.A., and further, that such sections as amended were not applicable to, or binding upon, the state, and that the state is not barred *by any statute of limitation or of nonclaim* from collecting the tax. There can be no clear distinction in principle in the case of an attempted collection of taxes due the state from a case where the state or its agency is attempting to recover monies fraudulently obtained from the agency. We might well say that the principle could more forcibly be applied in the case of fraud than in the case of nonpayment. This Court is committed to the doctrine of sovereign immunity, as more fully appears from the following cases: *In Re Inheritance Tax on the Macky Estate,* 46 Colo. 79, 102 Pac. 1075; *People v. Miller,* 90 Colo. 269, 8 P. (2d) 269; and *Ray, Admx. v. State of Colorado, supra.*

█ █ It was within the power of the legislature to make the statutes of limitation or of nonclaim, as here involved, applicable to the state if it saw fit to do so; however, the legislature has not so acted to that end. "Stated in broad terms, it is a rule of universal recognition that the government is not included in a general statute of limitation unless it is expressly or by necessary implication included. This rule is said to be founded

upon the legal fiction expressed in the maxim, *nullum tempus occurrit regi.* However, it is not necessary to predicate this salutary precept upon any fiction, since sound reason for the rule is found in the fact that as a matter of public policy it is necessary to preserve public rights, revenues and property from injury and loss by the negligence of public officers." *State Land Board v. Lee,* 84 Ore. 431, 165 Pac. 372, and cases there cited.

■ Counsel for defendants in error contends that plaintiffs are not entitled to a reversal of the judgment because distribution of most of the assets of the estate already have been made. The statement of this contention provides the answer, because the matter of distribution has no bearing whatever upon the question of the applicability of the nonclaim statute. The futility of this contention further is shown by the admitted fact that the estate still is open and there are assets in the hands of the administrator; moreover, the supplemental inventory in this case, permitted to be filed upon a motion made for that purpose, discloses that there was a partial distribution; however, the receipts taken from the beneficiaries and shown in the record disclose that the argument is defeated, such receipts being as follows: "I, the undersigned beneficiary and/or distributee of the above entitled estate, do hereby acknowledge receipt, from the duly appointed legal representative of said estate, of the sum of $3000.00 Dollars, the same being my proportionate share of the monies of said estate upon a *partial distribution, disbursement or other payment thereof, and, in consideration thereof, I agree to repay to said estate, so far as necessary in order to properly adjust distribution, (1) my proportionate share of any subsequently allowed claims or taxes assessed against said estate, or (2) any amount that it may be subsequently determined that I may have been overpaid by reason of this distribution, disbursement and payment."

■ The money so distributed and received was with the express contemplation of a repayment to the estate

if necessary to meet subsequent allowance of claims. To sanction the channeling of fraudulently obtained monies to undeserving heirs and permitting them to profit from the illegal and fraudulent action of deceased in this case, would be against public policy. Our legislature wisely provided against cases of this nature, and the provisions of section 14, chapter 201, S.L. '37, supra, lifts the bar, if it could be said there is a bar, of the other sections concerning the filing of claims of this nature by the state or one of its governmental agencies.

The trial court erroneously disallowed the claim of the Jefferson County Department of Public Welfare; the judgment entered on such order is reversed and the cause remanded with directions to the trial court to approve and allow the claim in its entirety.