502 P.2d 427 (1972)
Alonzo D. MAES, Plaintiff-Appellant,
v.
Charles TUTTOILMONDO, a/k/a Chuck Tuttoilmondo, Defendant-Appellee.
No. 71-203.
Colorado Court of Appeals, Div. I.
August 29, 1972.
Rehearing Denied September 19, 1972.
Certiorari Denied November 20, 1972.
*428 Evans, Peterson & Torbet, Paul V. Evans, Colorado Springs, for plaintiff-appellant.
Kettelkamp & Vento, W. C. Kettelkamp, Jr., Pueblo, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Appellant Maes brought this action against appellee, Tuttoilmondo, to recover for injuries received as the result of being beaten by appellee. In his complaint Maes alleged that while he was a customer in Tuttoilmondo's bar, "the defendant, without justification, did negligently and recklessly inflict blows upon the plaintiff. . . with a blunt instrument." The action was commenced more than one year after the tort was committed.
Tuttoilmondo, in his answer, admitted that he inflicted the blows, but denied that the blows "were either the result of negligence or recklessness on his part." He asserted, as an affirmative defense, that the action was barred by C.R.S.1963, 87-1-2, which provides, in pertinent part, "All actions for assault and battery, . . . shall be commenced within one year after the cause of action shall accrue, and not afterwards."
After taking Maes' deposition, Tuttoilmondo filed a motion for summary judgment. Following a hearing the motion was granted. Maes appeals from the ensuing judgment dismissing his complaint. We affirm.
According to Maes' deposition, he was present in Tuttoilmondo's bar when the latter was engaged in a discussion with another patron who was drinking with Maes. Maes injected himself into the conversation with a remark by which he inferred that Tuttoilmondo was racist. He was told to "shut up," which he did. Almost immediately thereafter Tuttoilmondo hit Maes on the back of the head with a sawed-off pool cue. Maes was struck several times and knocked to his knees.
All of the above facts are uncontroverted. Based on these facts, the trial court granted the motion on the asserted ground that the one-year statute of limitations barred the action.
Maes' appeal is based on the theory that, since his complaint is founded in negligence, the court could not treat the action as an assault and battery action. This theory would be applicable if the court were considering a motion to dismiss but is inapplicable to a motion for summary judgment where the facts are before the court and clearly establish no negligence and do establish an assault and battery.
In Publix Cab Co. v. Colorado National Bank, 139 Colo. 205, 338 P.2d 702, the Supreme Court, in interpreting the Colorado Survival Statute, delineated the distinction between negligence actions and intentional tort actions, and demonstrated that the two types of actions are fundamentally separate and distinctive.
The fact that the act committed here was intentional is uncontroverted. Therefore the question of negligence is not involved. See Mooney v. Carter, 114 Colo. 267, 160 P.2d 390. Maes cannot avoid the facts, or their legal significance by the form of his complaint. The basic facts control. Manning v. 1234 Corp., 174 Misc. 36, 20 N.Y.S.2d 121. In Manning plaintiff sued a tavern owner to recover for injuries suffered while a patron. She based her claim on breach of contract. The evidence established an assault. The action was barred by the statute of limitations is founded on assault and not barred if based on contract. The court held that the evidence, and not the pleadings, controlled, and dismissed the action. Accord, Williams v. Pressman, 69 Ohio L.Abs. 470, 113 N.E.2d 395.
The trial court properly determined that the action was barred by the one-year statute, C.R.S.1963, 87-1-2.
The malpractice cases relied on by Maes, e. g., Maercklein v. Smith, 129 Colo. 72, 266 P.2d 1095, are not applicable here for in the present case the tort was exclusively intentional and no element of negligence *429 was involved. As pointed out in Maercklein, the substance must prevail over the form.
We have considered Maes' other contentions and find them to be without merit.
Judgment affirmed.
COYTE and SMITH, JJ., concur.