532 P.2d 985 (1975)
Paul JOHNSON, as Executor and Heir of the Estate of Samuel W. Johnson, Deceased, Plaintiff-Appellant,
v.
CITY OF WHEAT RIDGE, Colorado, et al., Defendants-Appellees.
No. 74-307.
Colorado Court of Appeals, Div. II.
January 14, 1975.
Rehearing Denied February 4, 1975.
Certiorari Denied March 31, 1975.
*986 Frederick E. Dickerson, Littleton, for plaintiff-appellant.
Paul Johnson, pro se.
William E. McCarthy, Wheat Ridge, for defendants-appellees.
Not Selected for Official Publication.
ENOCH, Judge.
Plaintiff, Paul Johnson, appeals from a judgment of the district court dismissing his quiet title action. We affirm.
The property at issue consists of land formerly owned by the late Judge Samuel W. Johnson which was conveyed by him in two parcels as a gift for use as a public park. These parcels were subsequently conveyed by the original donees to the City of Wheat Ridge (City).
Plaintiff, as executor and heir of the estate of Judge Johnson, alleges that the original conveyances by Judge Johnson were made under undue influence and additionally that the interest conveyed to the City had terminated by reason of the failure of the original donees and the City to satisfy certain conditions set forth in the deeds. At the conclusion of the evidence the court determined that all the conditions save one had been met, that the action was barred by the applicable statute of limitations, that plaintiff was barred by laches, and that there was insufficient evidence to support the charges of undue influence.
The property was conveyed by Judge Johnson in two transactions. A parcel of approximately five acres was conveyed to the Wheat Ridge Lions Foundation in 1955. A second parcel of approximately 14 acres was conveyed in 1957 to Jefferson County, for the custody and management of the Wheat Ridge Recreation District. In 1958 Judge Johnson consented in writing to the conveyance of the five acre parcel to Jefferson County on behalf of the Wheat Ridge Recreation District, subject to the conditions contained in the original deed. An interest in both parcels was transferred to the City when the City was incorporated in 1969.
The evidence shows that Judge Johnson was at an advanced age when he made the two conveyances. However, we agree with the trial court's conclusion that there is no evidence to support the claim that the grantor was under any undue influence at the time.
*987 Each of the original deeds contains conditions that the property must be used for a public park to be named "Johnson Park." The 1957 deed contains additional conditions, i.e., that, within certain time limits, the grantee shall provide a road into the land, clear away fire hazards, and make available a public water supply and lavatories on the premises. Each deed also contains the following language:
"In the event that any of the conditions set out above are not complied with the failure to comply shall constitute a condition subsequent terminating the estate of the Grantee and its assigns in and to all of the real property, land, above described, and the Grantor, his heirs and assigns may re-enter and take possession of said premises."
The court's determination that all of the conditions had been met except one is supported by the evidence and will not be disturbed on review. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336.
The one condition which had not been met was the installation of a public water supply and lavatory facilities on the larger of the two parcels within the required two years from the date of the conveyance. The breach of this condition, however, does not entitle plaintiff to relief. The breach of a condition subsequent does not cause title to revert automatically to the grantor or his heirs, and the use of judicial proceedings to enforce a resulting power to terminate is governed by the statute of limitations in C.R.S.1963, 118-8-4. Wolf v. Hallenbeck, 109 Colo. 70, 123 P.2d 412. C.R.S.1963, 118-8-4, provided that no action may be maintained,
"to enforce the terms of any restriction concerning real property . . . unless said action be commenced within one year from the date of the violation for which the action is sought to be brought or maintained."
Although this statute has been amended, the change was not effective until May 10, 1972, and would not be applicable to this case which was filed in December 1971. See § 38-41-119, C.R.S.1973 (Colo.Sess.Laws 1972, ch. 100, 118-8-4 at 616). The applicable one year statute of limitations started to run from December 13, 1959, which was two years after the date of the deed and was the end of the period within which the conditions were to have been met. Therefore, though this one condition had not been met, the plaintiff's right of action is effectively barred by the statute of limitations.
Judgment affirmed.
BERMAN and VanCISE, JJ., concur.