539 P.2d 1325 (1975)
KANARADO MINING AND DEVELOPMENT COMPANY, Plaintiff-Appellant,
v.
O. A. SUTTON et al., Defendants-Appellees.
No. 74-598.
Colorado Court of Appeals, Div. II.
September 3, 1975.
*1326 William A. Russell, Buena Vista, for plaintiff-appellant.
Seraphine, Bratton, Alexander & Ranous, Karl E. Ranous, Gunnison, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
This case comes to us on appeal from a decision of the trial court granting defendants' motion for summary judgment. We affirm.
The background of this litigation is as follows. Prior to 1959, Kanarado was the owner of some 150 patented and unpatented mining claims and millsites. On June 4, 1959, it conveyed its interests in this property by deed to one O. A. Sutton for $25,000. Sutton, while named a defendant in this action, was not served with process. Kanarado's deed conveyed both the surface and mineral estates, but incorporated by reference a prior contract for sale between the parties which reserved to Kanarado royalties in any minerals or timber sold from the property. The contract also required Sutton to maintain certain mining improvements, to proceed with mining development of the conveyed lands as a reasonably prudent operator, and to pay all taxes assessed against the property covered by the agreement, so long as he remained in possession thereof. If, within five years of the conveyance, Sutton had not reasonably developed the property and begun commercial operation of mines there, he agreed to reconvey all right, title, and interest in the property to Kanarado. Finally, the contract provided that nothing contained therein should be interpreted so as to impair Sutton's right to convey any part of the surface rights not necessary for mining operations.
On December 6, 1963, approximately six months prior to the expiration of the five-year period, Sutton conveyed the property to defendant Comanche Milling Corp. by quitclaim and special warranty deeds. On January 24, 1967, Comanche conveyed part of the property to defendant Michiana Realty, Inc., reserving to itself all mining rights and improvements until January 1, 1979, after which time it would retain for two years a right of first refusal to lease the mineral interests.
Plaintiff filed suit on March 4, 1974, asking in the alternative, that title be decreed in it or that the property be reconveyed to it by Comanche. The action was premised on allegations that the contract for sale had been violated in that taxes on the property had not been paid, the property had not been developed, no commercial mining operations had been started, and the conveyance to Michiana purported to convey the mineral estate that was to be developed pursuant to the contract. The first of these allegations was rendered moot when Comanche paid all delinquent taxes on the property. Comanche and Michiana each filed an answer and then moved for summary judgment of dismissal on the grounds that the action was barred by the six-year statute of limitations, § 13-80-110, C.R.S.1973. The motion was granted on September 13, 1974.
*1327 Plaintiff's appeal is predicated on the assertion that its suit is in the nature of a quiet title action to which an eighteen-year statute of limitation applies. See § 38-41-101(1), C.R.S.1973. However, this argument fails because the facts alleged demonstrate that plaintiff is without a claim of title to the property. Nelson v. Van Cleve, 143 Colo. 117, 352 P.2d 269; Goodrich v. Union Oil Co., 85 Colo. 218, 274 P. 935.

I
In support of its assertions that the eighteen-year statute of limitations applies, plaintiff argues that the deed of June 4, 1959, conveyed a leasehold rather than a fee simple estate. It is our view, however, that the deed conveyed fee simple to the defendant Sutton, subject to defeasance for failure to perform certain covenants expressed in the contract to purchase.
When the language of a deed is clear and of definite legal import, the interpretation of the contract is a question of law to be resolved by the court. Radke v. Union Pacific, 138 Colo. 189, 334 P.2d 1077; Sauls v. Cox, 394 Ill. 81, 67 N.E.2d 187.
The deed contained the following language:
"WITNESSETH, that [Kanarado], for and in consideration of the sum of twenty-five thousand dollars to [Kanarado], in hand paid by [Sutton], the receipt whereof is hereby confessed and acknowledged, has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell, convey and confirm unto [Sutton], his heirs and assigns forever, all the following described lots. . . ."
By statute this language is a bargain and sale deed that conveys fee simple to the grantee. § 38-30-113(1), C.R.S.1973. The deed contains no language expressly limiting the fee interest, see § 38-30-107, C.R. S.1973, and, if language creating an interest in real property is ambiguous, it is to be construed in favor of the grantee. Clevenger v. Continental Oil, 149 Colo. 417, 369 P.2d 550. Hence, plaintiff cannot claim title to the property under this theory.

II
Plaintiff then argues that, if the conveyance be construed as a transfer of a fee interest, the grantee's estate was one of fee simple determinable, wherein the property would automatically revert to the plaintiff upon the failure to perform the covenants included in the contract. However, deeds with reconveyance clauses have generally been construed as creating a fee simple subject to a covenant to reconvey or a fee simple on a condition subsequent. See Ball v. Milliken, 31 R.I. 36, 76 A. 789; and Baker v. City of St. Louis, 7 Mo.App. 429, aff'd 75 Mo. 671.
Our Supreme Court has distinguished a fee simple determinable from a fee simple on a condition subsequent in the following terms:
"If the purpose is to compel compliance with a condition by the penalty of forfeiture, an estate on condition arises, but if the intent is to give the land for a stated use, the estate to cease when that use of purpose is ended, no penalty for a breach of condition is involved, since the purpose is not to enforce performance of a condition, but to convey the property for so long as it is needed for the purpose for which it is given and no longer. Therefore, in spite of language of condition, if the prevailing purpose is to create a collateral limitation of this kind, and not to enforce a condition by a threatened forfeiture, a fee on limitation results." School District v. Russell, 156 Colo. 75, 396 P.2d 929.
Our interpretation of the reconveyance clause in the contract concerned here ("In the event that the total expenditure called for by this paragraph has not been made on or before June 1, 1962 then Buyer will reconvey . . . .") is that the purpose of the clause was to compel compliance *1328 with the convenants of development, thus creating a fee simple on a condition subsequent. The right to re-enter that the plaintiff has retained in himself is not a sufficient interest on which to ground a quiet title action. Wolf v. Hallenbeck, 109 Colo. 70, 123 P.2d 412.

III
Viewing all the factual allegations of plaintiff as true, plaintiff's claim arises solely from the conveyance of June 4, 1959, and the related contract to purchase. The last act of the defendant that is alleged to have violated the original agreement is the conveyance from Comanche to Michiana on January 24, 1967. This suit was filed on March 4, 1974.
The relevant statute of limitation, C.R.S.1963, 118-8-4, barred any action brought to recover possession of real property or to enforce the terms of any restriction on the use of real property if that action were commenced more than one year after the date of the violation on account of which a forfeiture is claimed. Hence, this action premised on the enforcement of a condition subsequent is barred by that statute. Wolf v. Hallenbeck, supra. It is true that this statute was amended in 1972 to limit its applicability to actions brought to enforce building restrictions. See Colo. Sess.Laws 1972, 118-8-4 at 616. However, by that time the one-year period pertinent here had expired. The legislature cannot divest accrued property rights by altering a statute of limitations that has already run. Edelstein v. Carlile, 33 Colo. 54, 78 P. 680; Willoughby v. George, 5 Colo. 80. Even if the contract and deed were viewed as transferring a fee simple subject to a contractual right of the plaintiff to have the property reconveyed, the three-year statute of limitations for contracts, § 13-80-107, C.R.S.1973, and the six-year statute of limitations, § 13-80-110, C.R.S.1973, bar the present action.
Expiration of a statute of limitations, if pled and established, is ground for summary judgment of dismissal, see Maes v. Tuttoilmondo, 31 Colo.App. 248, 502 P. 2d 427, and nowhere in its argument to the trial court or to this court did the plaintiff specify any issues of fact which, if resolved in his favor, would defeat the applicability of the statutes of limitations. The plaintiff merely argued that it might be able, during a trial on the merits, to show that the statutes of limitations were applicable or that they had been tolled. A court is not required to deny summary judgment on such vague allegations of fact. A party cannot successfully resist a motion for summary judgment by expressing the hope that factual issues will be revealed at the trial. Norton v. Dartmouth Skis, Inc., 147 Colo. 436, 364 P.2d 866.
The judgment of the trial court is, therefore, affirmed.
ENOCH and STERNBERG, JJ., concur.