James STYERS and Constance Styers, Plaintiffs-Appellants,

v.

William F. MARA, Mary E. Mara, Wilbur B. Wilson, and Kim D. Wilson, Defendants-Appellees,

and

Gerald J. and Barbara A. Alger, Michael and Paula R. Bernstein, Grant D. and Gay A. Boyd, Capitol Federal Savings & Loan Association, a federal corporation, Virgil E. and Rita D. Carrier, L. F. Cassidy, City of Greenwood Village, Colorado, a municipal corporation, David L. and Constance I. Daggett, Anthony and Jill Dawson, Thomas C. and Lowell E. Defeo, Howard L. and Carolyn B. Edwards, First Capitol Corporation, a Colorado corporation, Frederick C. Fisher, Vernon L. and Jane A. Francen, Jack Harvey, Samuel L. Jenkins, Robert B. and Mary S. Good, Jack Levine, Coleen M. Love, Bonnie Micheletti, Natli A. Molloy, Alfred W. Vitt, Dorothy M. Wilson, and Paul J. Zueger, Defendants.

No. 79CA0919.

Colorado Court of Appeals, Div. I.

Feb. 5, 1981.

Rehearing Denied March 5, 1981.

Certiorari Denied June 29, 1981.

George Mabry, Littleton, Wallis L. Campbell, Lakewood, for plaintiffs-appellants.

Lohf & Barnhill, P. C., Dennis A. Graham, Denver, for defendants-appellees.

VAN CISE, Judge.

In May 1978, plaintiffs, James and Constance Styers, commenced this action against defendants William F. and Mary E. Mara, Wilbur B. and Kim D. Wilson, and others. Later a separate action was instituted against other defendants. These cases were consolidated. Defendants Mara and Wilson (hereinafter referred to as "defendants," since the other parties defendant are not involved in this appeal) moved for and were granted a summary judgment dismissing the case as to them on the ground that the action was barred by the one-year

statute of limitations, § 38–41–119, C.R.S. 1973. Included in the judgment was a C.R. C.P. 54(b) order rendering that judgment appealable before final disposition of the claims against the other parties defendant. Plaintiffs appeal. We affirm.

` This case involves a strip of land in the City of Greenwood Village (the city) designated as "greenbelt" on the Green Oaks subdivision plat and planned unit development (PUD) plan, on the replat, and in the protective covenants. This greenbelt is located on the perimeter of the northerly and westerly portions of the subdivision. In *City of Greenwood Village v. Boyd*, Colo. App., 624 P.2d 362 (1981), an action commenced by the city in November 1977, we held that the city had an easement for the benefit of the public in this greenbelt for open space and non-motorized traffic including horse traffic plus concurrent use of the area for utility and drainage purposes. Thus, the lot owners own fee title in the greenbelt, subject to the easement. These plaintiffs own a lot which includes a segment of the westerly greenbelt, and defendants own lots which include segments of the 35 foot wide northerly greenbelt. All these lots are subject to this easement and protective covenants.

Building permits for construction of defendants' homes were issued by the city in October 1975. By June 30, 1976, the Maras had constructed a split-rail fence, a swimming pool, landscaping, and an extensive moss rock wall, and the Wilsons had constructed a tea house, landscaping, and a fountain, all of which were located wholly or partly within the greenbelt area. Because of their encroachments into the greenbelt, they were named as defendants in *City of Greenwood Village v. Boyd*, referred to above, in which the city sought the removal of all the residents' improvements from the greenbelt. These defendants settled with the city, receiving quitclaim deeds from the city to the southerly 15 feet of the greenbelt area and giving the city easement deeds to the northerly 20 feet of that greenbelt area, which easement deeds granted and permitted horse, pedestrian, and bicycle use thereon by the public.

In the present action, plaintiffs, as members of the public and as owners of land in the subdivision, sought to have the Maras' and the Wilsons' and the other lot owner defendants' improvements removed not only to the extent that they were within the original greenbelt area but also, because of the requirements in the PUD plan and the protective covenants calling for a 20 foot setback from the greenbelt area, to the extent that the improvements were nearer than 20 feet south of the south line of the original greenbelt area. They also asked for an order requiring the defendants to erect a split-rail fence along the original greenbelt boundary lines, as required in the covenants.

It is not necessary to determine whether plaintiffs had standing, independent of the city, to bring this action to enforce the provisions of the PUD plan and the protective covenants concerning the greenbelt. Even with standing, plaintiffs are barred from bringing this action by § 38–41–119, C.R.S.1973, which states:

"No action shall be commenced or maintained to enforce the terms of any building restriction concerning real property or to compel the removal of any building or improvement on land because of the violation of any terms of any building restriction unless said action is commenced within one year from the date of the violation for which the action is sought to be brought or maintained."

The violations occurred on or before June 30, 1976, as to the encroaching improvements, and by April 1977 as to the failure to erect the green belt boundary fences. Plaintiffs' action was commenced May 18, 1978, 22½ months and 13 months, respectively, after the covenants were breached. The statute operates to bar the suit whether it is to compel the removal of the encroaching improvements, *Ass'n of Owners, Satellite Apartments, Inc. v. Otte*, 38 Colo.App. 12, 550 P.2d 894 (1976), or to compel the building of the fence. *See Wolf v. Hallenbeck*, 109 Colo. 70, 123 P.2d 412 (1942). Both requirements are "restrictions

concerning real property" and are within the scope of the one-year limitation statute. *Otte* and *Wolf, supra.*

Citing *People v. Miller*, 90 Colo. 269, 8 P.2d 269 (1932) and *Dietemann v. People*, 76 Colo. 378, 232 P. 676 (1924), plaintiffs contend that the one-year statute does not apply to encroachments on public property. We do not agree.

The cases cited merely stand for the general rule that, unless a statute of limitations otherwise provides, it cannot be set up as a bar to any right or claim of the state. *See also State v. Estate of Griffith*, 130 Colo. 312, 275 P.2d 945 (1954). There is nothing in these cases, or in the statute, to indicate that there is an exception to the applicability of the statute for actions brought by private citizens, whether pertaining to privately or publicly owned property.

Plaintiffs then contend that the 1977 administrative proceedings by the city tolled the one-year period of limitations. Again, we disagree.

In early 1977, the matter of encroachments on the greenbelt was brought before the city planning commission. After a series of public meetings, that commission made appropriate findings and directed the defendants and others similarly situated to remove their encroachments, to erect the necessary fences, and to allow the full width of the greenbelt to remain open for public use. Thereafter, the defendants applied to the board of adjustment for variances to keep their encroachments in place, but in August 1977 their requests were denied. No appeal was taken from these decisions.

However, an administrative hearing is not the commencement of an action for purposes of the statute. An action is commenced by the filing of a complaint with the court or by the service of a summons. C.R.C.P. 3(a); *Nelson v. District Court*, 136 Colo. 467, 320 P.2d 959 (1957).

We have reviewed plaintiffs' other contentions and find them to be without merit. Since plaintiffs' action was not commenced within the one-year period as re-

quired by § 38–41–119, C.R.S.1973, the trial court correctly entered summary judgment in favor of defendants.

Judgment affirmed.

COYTE and KIRSHBAUM, JJ., concur.