FINANCIAL ASSOCIATES, LTD., a Colorado joint venture, Plaintiff-Appellant,

v.

G.E. JOHNSON CONSTRUCTION COMPANY, INC.; Michael H. Collins, Individually; Leland B. Roberts, Individually; Collins & Roberts Architects, Inc. George D. Morris, Individually; Lincoln-Devore Testing Laboratory, Inc.; Howard C. Dutzi, Individually; and Howard C. Dutzi & Associates, Inc.

No. 83CA1094.

Colorado Court of Appeals, Div. II.

July 19, 1984.

Rehearing Denied Aug. 16, 1984.

Certiorari Granted Jan. 14, 1985.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Edward J. Blieszner, Randall M. Livingston, Denver, for plaintiff-appellant.

Sparks, Dix, Enoch & Suthers, P.C., Kenneth Sparks, Bryan Gardner, Colorado Springs, for defendant-appellee, G.E. Johnson Const. Co., Inc.

Knapp & Lee, P.C., William H. Knapp, Denver, for defendants-appellees, Michael H. Collins, Leland B. Roberts, Collins & Roberts Architects, Inc.

Strand & Meadows, P.C., Edwin Strand, Colorado Springs, for defendants-appellees, George D. Morris and Lincoln-DeVore Testing Laboratory, Inc.

Holt & Associates, L. Tyrone Holt, Elsa D. Burchinow, Denver, for defendants-appellees, Howard C. Dutzi and Howard C. Dutzi & Associates.

SMITH, Judge.

Plaintiff, Financial Associates, Ltd., (Financial) appeals the summary judgment entered in favor of all defendants on the basis that plaintiff's complaint was barred by the two-year statute of limitation for claims arising under § 13–80–127, C.R.S. (1983 Cum.Supp.). We affirm.

In March 1973, Financial contracted with defendant G.E. Johnson Construction Co., Inc., to design and construct a building for it. Johnson subcontracted with others, also named as defendants, to perform various other services connected with the design and construction of the building. Financial filed its complaint against the defendants on March 7, 1983, alleging claims for damages in the negligent design, planning, supervision, inspection, construction, and observation of construction of the building.

The statute of limitations governing actions such as this is set forth in § 13–80–127, C.R.S. (1983 Cum.Supp.). It provides in applicable part as follows:

"(1) (a) All actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within two years after the claim for relief arises, and not thereafter....

(b) A claim for relief arises under this section at the time the damaged party discovers or in the exercise of reasonable diligence should have discovered the defect in the improvement which ultimately causes the injury, when such defect is of a substantial or significant nature.

(c) Such actions shall include any and all actions in tort, contract, indemnity, or contribution or other actions for the recovery of damages for;

(I) Any deficiency in the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property; or

(II) Injury to real or personal property caused by any such deficiency...."

The crucial and ultimate issue, then, is whether Financial discovered, or in the exercise of reasonable diligence should have discovered, the defect which caused the injury to the building more than two years prior to the commencement of this action in 1983.

Financial argues that the trial court erred in dismissing its claims on summary judgment because the question of when its claim arose is essentially one of fact.

■ We agree with the general proposition that whether a statute of limitation bars a particular claim is indeed a question of fact. *Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603 (1970). We also agree with the rule that, in construction projects, discovery of the physical manifestations of a defect is not necessarily concurrent in time with discovery of the defect itself. *Criswell v. M.J. Brock & Sons, Inc.*, 681 P.2d 495, (1984). Here, however, the facts as to the cause of the defect are not in dispute. Likewise, the facts concerning the numerous engineering investigations initiated by Financial and the dates of the various reports resulting therefrom also are not in dispute.

The record discloses that as early as 1978 Financial was experiencing cracking and other problems with the building. Sometime in 1979, it hired defendant Lincoln-DeVore Testing Laboratory, Inc., (Lincoln-DeVore) to examine the building and to submit a report concerning the various problems and defects that had arisen with the structure. That initial report, submitted on January 11, 1979, indicated that much of the cracking and similar problems which had occurred throughout the building resulted from extensive slab movement caused by the underlying expansive clay soil.

On April 11, 1979, Financial obtained a report from defendant Howard C. Dutzi & Associates whom plaintiff had hired to determine the cause of problems with a non-closing vault door. This report also indicated that the underlying expansive clay soil had caused movement of the building and was highly suspect as the source of the problems of the vault door as well as other problems the building was experiencing.

A third engineering report submitted by the engineering firm of Chen & Associates on November 27, 1979, also advised Financial that the heaving and subsidence of the underslab soils was causing the majority of the distress to the structure. That report noted that, "it was possible" that approximately 20% of the distress to the building was because of movement of the foundation itself.

On November 18, 1980, Financial received a second report from Lincoln-DeVore which, most significantly, indicated that at the maximum a four and one-half inch elevation difference existed across the building. This report noted that the elevation differential was caused by the settling of the exterior walls, the rising of the columns because of heaving, or some combination of heaving and settling. In any event, foundation and slab movement as a result of underlying soil conditions was pinpointed as the cause of the distress which the building had suffered.

There appear to have been no further investigations conducted by Financial until they hired a new consultant, Thomas E. Summerlee & Associates, Inc., who rendered a report on August 20, 1982. The Summerlee report, like the second Lincoln-DeVore report, concluded that the defects in the building were largely because the bearing soils beneath the foundation were incapable of carrying the structural load of the building, and that the building had experienced maximum differential settlements on the order of three inches. No further investigations were conducted, and in March of 1983 this action was filed.

Copies of all of these reports were before the trial court and the facts and opinions expressed therein were essentially undisputed at the summary judgment hearing. Obviously, at some point in time prior to filing suit, Financial had obtained sufficient information to put it on notice of the defect or defects which had caused the injuries or damage which were ultimately sued upon. Since all of the facts relating to this question were undisputed the issue before the trial court was one of law: when was Financial's information sufficient, as a matter of law, to constitute knowledge of the cause of the defect?

The date of Financial's receipt of engineering reports informing it of the cause of the injury to the building causes the statute of limitation to begin to run. *Society of Mt. Carmel v. Fox*, 90 Ill.App.3d 537, 46 Ill.Dec. 40, 413 N.E.2d 480 (1980) (cited with approval in *Criswell, supra*). The trial court examined all of the reports and

concluded that the second Lincoln-DeVore report, read together with the reports Financial had previously received, contained information sufficient, as a matter of law, to constitute notice of the cause of the defects and that, thus, the statute of limitations began to run on the date of receipt of that report in 1980. It rejected Financial's contention that it did not receive sufficient information until the Summerlee report.

We also have examined all of the reports and concur with the conclusion reached by the trial court. Although the Summerlee report proposes some new solutions, it does not add any new facts relating to the nature of the defects which have caused damage to the building. The trial court's ultimate conclusion that the statute of limitations had expired before suit was commenced was, therefore, correct, and the entry of summary judgment of dismissal was proper. *Kanarado Mining & Development Co. v. Sutton*, 36 Colo.App. 375, 539 P.2d 1325 (1975); *Maes v. Tuttoilmondo*, 31 Colo.App. 248, 502 P.2d 427 (1972).

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.