**CITY OF COLORADO SPRINGS, a municipal corporation, Plaintiff–Appellee and Cross–Appellant,**

v.

**TIMBERLANE ASSOCIATES, a Colorado general partnership; Investment Builders Corporation, a Colorado corporation; John W. Dawson and Joseph M. Birdsell, individually, Defendants–Appellants and Cross–Appellees.**

No. 88CA0076.

Colorado Court of Appeals,
Div. V.

Aug. 30, 1990.

Rehearing Denied Oct. 4, 1990.

Certiorari Granted March 18, 1991.

Anderson, Johnson & Gianunzio, Kelly Dude, Colorado Springs, for plaintiff-appellee and cross-appellant.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Peter M. Susemihl, Colorado Springs, for defendants-appellants and cross-appellees.

Opinion by Judge VAN CISE *.

In this action, the city of Colorado Springs sought to recover unpaid utilities charges, which charges arose because of a continuing error in the city's billing procedure. From the judgment entered, both parties appeal. We affirm in part and reverse in part.

Defendant Timberlane Associates, a Colorado general partnership with defendants Dawson and Birdsell as general partners, owned an apartment house in Colorado Springs. It was managed by defendant Investment Builders Corporation. It was supplied natural gas by the city's Department of Public Utilities.

Unbeknownst to the defendants, on September 24, 1975, an employee of the city changed the gas meter at the building. Beginning with the next meter reading on October 25, 1975, and continuing until sometime in April 1981, employees of the city misread the new meter, billing the defendants for only one-tenth of the amount of gas used.

In May 1981, the error was discovered by the city. It presented a bill for $57,692.79 to the defendants on September 9, 1981. This bill went unpaid, although negotiations occurred between the parties.

The city filed suit on July 1, 1986, to collect the debt. Subsequently, the trial court entered judgment in favor of the city for the full amount due plus eight percent interest and costs, but it later amended its order to permit the defendants to pay the judgment without interest "over a period equal in length to the period during which the errors were accumulated."

Defendants appeal the judgment requiring them to pay the back utilities charges to the city. The city cross-appeals the deni-al of its request for interest on the unpaid charges.

I.

[1] On appeal, the defendants contend that the trial court erred when it concluded that the statute of limitations did not bar the city from collecting the unpaid gas charges incurred prior to July 1980, more than six years before July 1, 1986, the date when the city filed suit. We agree.

In pertinent part, the applicable general statute of limitations, § 13–80–110, C.R.S., in effect at the time the city's action was filed, provided:

"[T]he following actions shall be commenced within six years after the cause of action accrues, and not afterwards:

"(a) All actions of debt founded upon any contract or liability in action...."

Citing *Hinshaw v. Department of Welfare*, 157 Colo. 447, 403 P.2d 206 (1965), *State v. Estate of Griffith*, 130 Colo. 312, 275 P.2d 945 (1954), and *Berkeley Metropolitan District v. Poland*, 705 P.2d 1004 (Colo.App.1985), the city contends that a statute of limitations does not run against it unless the statute specifically so provides or unless it does so by necessary implication. This proposition is supported by case law so long as the city is functioning in its governmental capacity. In the operation of a public utility, however, it is generally held that a municipal corporation acts in a proprietary rather than a governmental capacity.

For example, in *City of Northglenn v. City of Thornton*, 193 Colo. 536, 569 P.2d 319 (1977), the court ruled that, in operating a water works system, a city:

"acts in its proprietary or business, and not in its political or governmental capacity, and in so acting is governed largely by the same rules that apply to a private corporation."

Although the supreme court has recently noted that the governmental/proprietary distinction for a government's activities

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

does not always provide "a fair or predictable means of determining which municipal functions are governmental and which functions are proprietary," *City & County of Denver v. Mountain States Telephone & Telegraph Co.*, 754 P.2d 1172 (Colo. 1988), it did not expressly abolish the distinction itself. And, there can be no dispute that a municipality providing gas service to its customers is acting in a proprietary or business capacity.

Hence, the defendants here have the six-year statute of limitations, as contained in § 13–80–110, C.R.S. then in effect, available to them as a defense. Thus, since the defense was properly raised and since the pertinent dates are undisputed, we hold that, as a matter of law, they do not owe the city for any gas charges incurred prior to July 1, 1980.

## II.

On cross-appeal, the city argues that the trial court erred when it refused to grant the city statutory interest at the rate of eight percent on the unpaid balance. We disagree.

The city relies on § 5–12–101, C.R.S. (1989 Cum.Supp.), which provides: "If there is no agreement or provision of law for a different rate, the interest on money shall be at the rate of eight percent per annum, compounded annually." The defendants rely on Colorado Springs Municipal Code, § 12–1–302(B)(2) which states:

> "The user shall be permitted to make installment payments if any amounts from a past billing are included in the monthly user charge ... Any installment payments made pursuant to this subsection may extend over a period equal in length to the period during which the errors were accumulated and shall bear no interest."

The trial court found that the defendants began negotiations with the city soon after the city discovered its own error. The defendants' reply brief indicates that, since the time of the trial court's ruling, the defendants have made monthly payments to the city pursuant to the municipal ordinance. We further note that the installa-

tion of the new meter and the subsequent errors in reading it were unilateral mistakes on the city's part which lasted over five years. We therefore hold that the municipal ordinance applies here, and thus, the amount of the past billings are not subject to interest.

Accordingly, that part of the judgment permitting recovery of the full unbilled amount is reversed; that part of the judgment permitting periodic payments without interest is affirmed. The cause is remanded to the trial court for it to determine the amount of unpaid utility charges incurred subsequent to June 30, 1980, and the payments made thereon since July 1, 1986, and to enter an appropriate order and judgment based thereon.

CRISWELL and PLANK, JJ., concur.