748 So.2d 161 (1999)
Toni Jo Kuljis DIAZ, Olivia J. Kuljis Kisner, Joseph Kuljis, Georgia Kuljis Lawrence, Hope A. Garbin, Steve J. Kuljis, Jr., Jacque R. Corso, Peter D. Kuljis, Sherry Babuchna, Betty Sherman and Stanley J. Kopszywa, Appellants,
v.
CITY OF BILOXI, Mississippi, Appellee.
No. 98-CA-00491 COA.
Court of Appeals of Mississippi.
April 20, 1999.
Rehearing Denied August 3, 1999.
Certiorari Denied October 14, 1999.
David T. Cobb, Jackson, Attorney for Appellants.
Ronald G. Peresich, Michael E. Whitehead, Emilie Fischer Whitehead, Biloxi, Attorneys for Appellee.
BEFORE McMILLIN, C.J., KING AND SOUTHWICK, JJ.:
KING, J., for the Court:
¶ 1. In October of 1985, the City of Biloxi sought to condemn certain property *162 owned by the Appellants to support its "Biloxi Waterfront Master Plan", an urban renewal project. After condemnation proceedings, the County Court of Harrison County, acting as the Special Court of Eminent Domain, granted the City fee simple title to the property.
¶ 2. Approximately ten years after the condemnation proceedings, the Appellants filed a complaint seeking reversion of the property or money damages. They alleged that the City had abandoned the Waterfront Master Plan, or in the alternative, the property had not been used for the public purpose for which it had been condemned. The City filed a motion to dismiss the Appellants' complaint for failure to state a claim or, in the alternative, summary judgment. The Harrison County Chancery Court dismissed the Appellants' complaint and granted summary judgment in favor of the City. Aggrieved, the Appellants now appeal and assign the following two errors:
I. DOES THE COMPLAINT FILED BELOW STATE A CAUSE OF ACTION FOR REVERSION AND/OR UNJUST ENRICHMENT WHERE IT ALLEGES THAT THE CITY OF BILOXI HAS CEASED USING THE PROPERTY AT ISSUE FOR THE PUBLIC PURPOSE FOR WHICH IT WAS CONDEMNED?
II. DID THE CHANCELLOR ERR IN GRANTING SUMMARY JUDGMENT TO THE CITY OF BILOXI WITHOUT GIVING THE PLAINTIFFS AN OPPORTUNITY TO CONDUCT DISCOVERY REGARDING THE CITY'S USE OF THE PROPERTY AT ISSUE?
¶ 3. Finding no error, this Court affirms the chancery court judgment.

FACTS
¶ 4. In October of 1985, the City of Biloxi (the City) filed two petitions for condemnation of certain properties located on its waterfront and owned by the Appellants. The petitions were filed in the County Court of Harrison County, acting as the Special Court of Eminent Domain. The City indicated in those petitions that the objectives of the "Biloxi Waterfront Master Plan" required the fee simple acquisition of these properties. This plan was an urban renewal project which involved the elimination of outmoded street patterns, demolishment and removal of dilapidated structures, and construction of public facilities and other improvements.
¶ 5. After a trial in this matter, the jury returned a verdict which condemned the Appellants' property and set damages. A judgment of condemnation was entered and ownership of the property was vested in the City. The City thereafter compensated the Appellants for the taking of their property.
¶ 6. In June of 1995, nearly ten years later, the Appellants filed a complaint to cancel cloud on title and for reversion of property. They alleged that the City had failed to use the property to accomplish the objectives of the Biloxi Waterfront Plan and that such property had therefore been abandoned. Specifically, they contested the City's lease of the property to the Riverboat Corporation of Mississippi which has brought substantial revenue to the City.
¶ 7. On October 19, 1995, the City filed a motion to dismiss the Appellants' complaint for failure to state a claim, or in the alternative, motion for summary judgment. The chancery court granted summary judgment on behalf of the City and dismissed the Appellants' claim, indicating that (1) the City's fee simple title contained "no reversion clause such as `so long as it is used for a public purpose', nor any condition subsequent" and (2) the Appellants failed to timely challenge the judgment of the Special Court of Eminent Domain, and therefore the right to question public purpose had been waived. The Appellants now appeal the chancery court's determination.

*163 ISSUES

I. DOES THE COMPLAINT FILED BELOW STATE A CAUSE OF ACTION FOR REVERSION AND/OR UNJUST ENRICHMENT WHERE IT ALLEGES THAT THE CITY OF BILOXI HAS CEASED USING THE PROPERTY AT ISSUE FOR THE PUBLIC PURPOSE FOR WHICH IT WAS CONDEMNED?
¶ 8. The Appellants contend that the City did not obtain fee simple title to the property. They argue that because the City had not used the property for the purpose for which it was condemned, they are entitled to a reversionary interest.

Law and Analysis
¶ 9. The City of Biloxi at all times stated the need to acquire fee simple title and requested that fee simple title be granted to it. This statement and request appears in the resolution authorizing condemnation and the petition seeking condemnation. The chancellor directed that ownership of the "said property shall be vested in the petitioner and it may be appropriated to the public use as prayed for in the petition." When viewed against the title requested in both the resolution and petition, the language "ownership of the said property" shall be vested in the petition and it may be appropriated to the public use as prayed for in the petition, of necessity must be interpreted to have granted fee simple title. Though fee simple title was not stated expressly in the judgments, "where the language of an instrument is unclear and ambiguous as to the estate intended to be conveyed, the instrument should be construed to convey the fee rather than a lesser estate." Dossett v. New Orleans Great Northern Railroad Company, 295 So.2d 771, 775 (Miss. 1974).
¶ 10. It is clear that under Mississippi eminent domain law "a municipality shall have the right to acquire by condemnation any interest in real property, including a fee simple title thereto, which it may deem necessary for or in connection with an urban renewal project." Miss.Code Ann. § 43-35-17 (Rev.1993). The City deemed necessary and petitioned for fee simple title to the Appellants' property for urban renewal purposes. In accordance with that relief prayed for in the petition and Miss.Code Ann. § 43-35-17, fee simple title was properly vested in the City. Miss. Code Ann. § 43-35-17 (Rev.1993).
¶ 11. Absent a specific declaration of a reversionary interest, none exists in the grant of title in fee simple. Chevy Chase Land Company of Montgomery County Maryland v. U.S., 37 Fed.Cl. 545, 571 (1997); Kanarado Mining and Development Co. v. O.A. Sutton, 36 Colo.App. 375, 539 P.2d 1325, 1327 (1975). The judgment did not provide that the Appellants would retain a reversionary interest.
¶ 12. This Court notes that the Appellants delayed approximately ten years before challenging or appealing the City's use of the property. The challenge to the City's public use must be exercised within the eminent domain proceeding. Miss. Code Ann. § 11-27-15 (Supp.1998). The right of appeal from an eminent domain judgment must be perfected within ten days from the date of the judgment. Miss. Code Ann. § 11-27-29 (Supp.1998). Having failed to timely challenge the City's use or perfect their appeal as required by the statutes, the Appellants have waived the right to question the City's use of the property. The chancery court did not err in dismissing the Appellants' complaint.
¶ 13. The Appellants suggest that because the intended use of the property has changed, that the right to contest its public purpose has been revived. This Court does not agree. The determination of public purpose must be made at the time of taking. Any determination so made becomes final upon the expiration of the time allowed for appeal. This is true even where the use of condemned property is subsequently changed.
*164 ¶ 14. The proper question to be resolved by the trial court was not whether the present use was the same as that for which the condemnation had been requested, but rather whether the condemnation had been granted upon a good faith request for a public purpose. The Appellants have not demonstrated that the condemnation request was not predicated upon a good faith public purpose.
¶ 15. Having held that the Appellants' complaint was properly dismissed, this Court declines to address the Appellants' issue regarding discovery.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, IRVING, LEE, AND PAYNE, JJ., CONCUR.
DIAZ AND THOMAS, JJ., NOT PARTICIPATING.